THEODORE P. SIDDALL, Jr.

*v.*

EGBERT L. JANSEN *et al.*

*Opinion filed November 1, 1897.*

1. APPEALS AND ERRORS—*motion for peremptory instruction—extent to which Supreme Court will review facts.* Where error is assigned on the giving or refusal of an instruction to find for defendant, offered at the close of the plaintiff's testimony, the Supreme Court may review the facts to determine whether there was such evidence tending to establish the plaintiff's case as should have been submitted to the jury.

2. TRIAL—*instruction to find for defendant should not be given in doubtful cases.* An instruction directing a verdict for defendant should be given only when the evidence, and all the legitimate and natural inferences to be drawn therefrom, are wholly insufficient, if given credence, to sustain a verdict for the plaintiff.

3. SAME—*when case should be submitted to the jury.* Where, on a trial under counts alleging negligence by the defendant in not complying with a city ordinance regulating elevators in buildings, whereby the plaintiff, a young child of an employee of the defendant, was injured, the evidence tends to show that the defendant did not comply with the ordinance and that plaintiff was rightfully at the place of injury, the case should be submitted to the jury.

4. NEGLIGENCE—*when question whether plaintiff was a trespasser is one of fact.* In an action for damages for injuries received by a young child of an employee of the defendant while playing in the defendant's building near an unguarded elevator shaft, the question whether such child was a trespasser is one of fact for the jury.

5. SAME—*injury to child trespassing on private property—owner may be liable.* Although a child of tender years who is injured on private property may be a technical trespasser, yet the owner of the property may be liable if the things causing the injury were left exposed and unguarded, and are of such a character as to attract the child by appealing to his childish curiosity and instincts.

*Siddall* v. *Jansen*, 67 Ill. App. 102, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. NATHANIEL C. SEARS, Judge, presiding.

This action was brought by Theodore P. Siddall, Jr., by his next friend, against Egbert L. Jansen and others, composing the firm of Jansen, McClurg & Co., wholesale and retail booksellers and stationers in Chicago, to recover damages for an injury received by being struck by a descending elevator of the defendants. The father of plaintiff was an employee of defendants, and the plaintiff, then about five years of age, was playing around the store. In the temporary absence of the parent the child was attracted to an elevator shaft, the door of which was unfastened, and was severely bruised and mangled by the descending cage. The negligence alleged in the declaration charges defendants with negligently permitting to continue open and unguarded the doorway of the elevator shaft and the partitioned enclosure surrounding it, and in failing to place fastenings upon the elevator doors so they could be opened only from the inside, and thus be under the entire control of the elevator operator, as is provided by a city ordinance of Chicago.

A judgment for $10,000, rendered November 15, 1889, was reversed by the Appellate Court, (41 Ill. App. 279,) and on appeal here the judgment of the Appellate Court was reversed, with directions to find facts or remand the case. (143 Ill. 537.) The Appellate Court remanded the case, (51 Ill. App. 74,) and on another trial, May 6, 1896, the Superior Court, pursuant to the first opinion of the

Appellate Court, directed a verdict and entered judgment for the defendants, which the Appellate Court affirmed in the following opinion: *"Ryan* v. *Armour; Siddall* v. *Jansen.*—Per curiam: Each of these cases, with the names of the parties reversed, has been here before. (61 Ill. App. 314; 51 id. 74; 41 id. 279.) The cases have now been again tried in accordance with the views of this court heretofore expressed and still entertained, and therefore the judgments are now affirmed." A certificate of importance was granted by the Appellate Court, and by appeal the case comes to this court.

F. W. BECKER, and DALE & FRANCIS, for appellant.

MASON BROS., (HENRY B. MASON, of counsel,) for appellees.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

We are authorized to review the facts in this case to the extent of ascertaining whether there was, at the close of the plaintiff's testimony, evidence tending to show the acts of negligence charged in his declaration, for the reason that at the close of such testimony the trial court, at the request of defendants, gave to the jury a peremptory instruction to find for the defendants. The rule is, that where an instruction is offered, at the close of plaintiff's testimony, to instruct the jury to find for the defendant, and error is assigned on the giving or refusal to give such instruction, this court may review the facts to the extent of ascertaining whether or not there was such evidence tending to establish plaintiff's declaration as should have been submitted to the jury. (*Wenona Coal Co.* v. *Holmquist,* 152 Ill. 581; *Cicero Street Railway Co.* v. *Meixner,* 160 id. 320; *Pullman Palace Car Co.* v. *Laack,* 143 id. 242; *Lake Shore and Michigan Southern Railway Co.* v. *Richards,* 152 id. 59; *Purdy* v. *Hall,* 134 id. 298; *Chicago and Northwestern Railway Co.* v.

*Dunleavy,* 129 id. 132; *Bartelott* v. *International Bank,* 119 id. 259; *Simmons* v. *Chicago and Tomah Railroad Co.* 110 id. 340.) The rule is also that an instruction taking the case from the jury and directing a verdict for the defendant should only be given where the evidence, with all the legitimate and natural inferences to be drawn therefrom, is wholly insufficient, if credited, to sustain a verdict for plaintiff. *Lake Shore and Michigan Southern Railway Co.* v. *Richards, supra.*

The first count of the declaration charges negligence of the defendants in permitting to continue open and unguarded the doorway of an elevator shaft and the door to the partitioned enclosure surrounding it on their premises, whereby plaintiff, being of the age of five years, was seriously injured by a descending cage of the elevator. To the entire declaration the plea of the general issue was interposed. It is urged by appellees this elevator shaft was not in a public place in their store, but was secluded and was not intended as a passenger elevator, and that plaintiff was a trespasser. This court has held in *City of Pekin* v. *McMahon,* 154 Ill. 141, that the general rule relieving a private owner of property from liability against injuries sustained by strangers or trespassers from the unsafe condition of his property is not applicable to children of tender years, who may be attracted thereon by such conditions or surroundings as may appeal to childish curiosity. An ascending and descending cage of an elevator might be said to be of such character, and to hold out an implied invitation to a five-year-old child to approach it and satisfy his childish curiosity. An unguarded or open door, or one which might readily be opened from the outside, might in such cases, as to a child, be fraught with great danger, and constitute negligence on the part of the person permitting such conditions to exist. It was a question which should have been submitted to a jury to say whether or not there was negligence under this count.

Another of the counts of plaintiff's declaration was based on the alleged negligence of defendants in not complying with a certain ordinance of the city of Chicago relating to elevators of the character of the one which injured plaintiff, and which ordinance is as follows:

Section 1056, article 9, chapter 15.—"Hoistways, in which an elevator shall be used, shall have a fireproof shaft, starting at the lowest part reached by such elevator, and from such point extended up through and six feet above the roof.

Sec. 1057. "Doors in such shaft shall be made of metal, and the catches or fastenings upon such doors shall be so placed that they can be opened only from the inside of the shaft, and entirely under control of the elevator operator."

The evidence produced by the plaintiff below tends to show there was not, on the part of the defendants, a compliance with this ordinance. A peremptory instruction having been given to the jury to find for defendants, there was, consequently, no evidence produced by them. As there was evidence tending to show there was no compliance with the provisions of this ordinance and that plaintiff was rightfully at the place of the injury, it was a question which should have been submitted to the jury.

Whether or not plaintiff was a trespasser was also a question of fact for the jury where there was evidence tending to show he was not. The evidence does show that near the location of this elevator in appellees' store it was not infrequent that children of other employees and of customers were seen. While the elevator was not, as it appears, a regular passenger elevator, it was used by employees who desired to ascend to the upper floors. The elevator, together with the enclosures around it, was but a short distance from the main floor and was connected by open doors. To this main floor the general public had constant access and were there by the invitation of the firm engaged in business. Plaintiff was

there by invitation of his father, who was an employee of this firm and in charge of one of its departments. It was not uncommon for other employees to have their children at the store. If the father had any right to invite plaintiff, then the invitation to a child of five years (the age of this plaintiff) would, in its ordinary sense, have given him the right to be in those places where his father was.

In *City of Pekin* v. *McMahon, supra,* this court, after referring to the general rule that a private owner of property is under no obligation to strangers or trespassers to keep his premises in safe condition against those who come upon such premises without invitation, said (p. 147): "An exception, however, to this general rule exists in favor of children. Although a child of tender years who meets with an injury upon the premises of a private owner may be a technical trespasser, yet the owner may be liable if the things causing the injury have been left exposed and unguarded, and are of such a character as to be an attraction to the child, appealing to his childish curiosity and instincts. Unguarded premises which are thus supplied with dangerous attractions are regarded as holding out implied invitations to such children."

Without passing on the weight of the evidence on this particular branch of the case or the liability of appellees, as it must again be submitted to a jury, we hold there was sufficient evidence that appellant was not a trespasser, to submit the question to a jury.

We hold it was error for the trial court, under the circumstances, to give the peremptory instruction on behalf of the defendants, and the judgments of the Appellate Court for the First District and of the Superior Court of Cook county are both reversed, and the cause remanded to the Superior Court of Cook county for a new trial in conformity with the views in this opinion.

*Reversed and remanded.*