### John Gravadahl v. Chicago Refining Co. et al.

1.  VERDICTS—*When the Court May Direct.*—If the evidence is insufficient to support a verdict for the plaintiff, and such a verdict, if returned, must be set aside as unsupported, the action of the trial court in directing a verdict for the defendant, is proper.

2.  SAME—*When the Evidence Should be Submitted to the Jury.*—If the evidence is such that reasonable men of fair intelligence might from it draw different conclusions as to whether the facts necessary to create liability of appellee have been established, then the evidence should be submitted to the jury.

3.  APPELLATE COURT PRACTICE—*As to Weighing Conflicting Evidence.*—The court declines to weigh conflicting evidence, consisting of statements made by witnesses before the trial and the testimony given by them at the trial, and upon a question of credibility determine that a verdict could not have been properly given for the plaintiff.

4.  EVIDENCE—*Of Other and Safer Appliances Properly Excluded.*— Where the matter in issue is whether a particular scaffold is reasonably safe, not whether some other scaffold would be safer, testimony offered as to a better and safer method of constructing the scaffold, is properly excluded.

**Action in Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1899. Reversed and remanded. Opinion filed November 2, 1899.

Statement.—This an action to recover for personal injury, caused, as it is alleged, by negligence of appellee.

Appellant was in the employ of appellee engaged in carpenter and millwright work, and while at work upon a scaffold provided by the appellee, he was injured. The scaffold was constructed upon the first floor of appellee's building and for the purpose of enabling workmen to reach, and fasten timbers to the ceiling above, which was the floor of the second story of the building. It does not appear from the evidence that the building was in process of construction; the timbers were to be bolted or fastened to the ceiling above the first story for the purpose of adjusting certain machinery. Upon the first floor, which was the ground floor of the building, and along the side of the scaffold, were three railroad tracks, used in appellee's business for the purpose of moving cars of freight. There was evidence tending to show that the distance from the corner posts which formed one side of the scaffold, to a car upon the nearest railroad track, would be " a foot or two feet," and there was evidence tending to show that the east and west stringer, which was the end of the floor support of the scaffold on the end nearest the track, was about four feet distant from cars standing upon the nearest track. The tracks ran east and west. The scaffold was square and the planks which formed its flooring rested upon stringers nailed between the posts which formed the corners. These planks were loose and movable, and they were laid north and south, the ends extending toward the railroad tracks. There was evidence tending to show that appellant had never worked upon the scaffold until the afternoon when the injury occurred, and that he left other work and went to work upon the scaffold by direction of appellee's foreman. Appellant testified that the scaffold had not been changed; that the planks which formed its floor had not been moved from the time when

he went upon it until the time of the injury.  He testified
that he went to work upon the scaffold at 12:30 P. M.
Between 2:30 and 3 P. M. of the same afternoon a car was
moved along the railroad track nearest to the scaffold, and
the evidence tends to show that in moving, it struck some
plank or planks of the scaffold, which plank being loose, had
become moved out, lengthways, toward the track.    The
result was that the scaffold was demolished and appellant
was injured.    Appellant and two others testified to facts
connected with the happening of the injury.

The two witnesses other than appellant had each made a
statement previous to the trial, which purported to give an
account of the occurrence.   In each of these accounts of the
occurrence were statements which tended to show that the
loose planks were moved about during the time that appel-
lant was at work upon the scaffold, by appellant and others
working with him.    At the trial these witnesses did not
testify that appellant had anything to do with moving the
planks, or that they were moved after appellant came upon
the scaffold; but one of them testified that in the course of
the work the planks had to be moved about, as the workmen
had occasion to change their positions.

At the close of the evidence offered by the plaintiff, appel-
lant, the trial court gave a peremptory instruction, directing
a verdict of not guilty.   From judgment upon that verdict
this appeal is prosecuted.

BEACH & BEACH, attorneys for appellant.

EDWIN WALKER, attorney for appellee.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the
court.

There is presented upon this appeal but one question of
controlling importance, viz.: whether the evidence, with
all legitimate and natural inferences to be drawn therefrom,
so far tends to support appellant's alleged cause of action
as to warrant the submission of such evidence to a jury.

If, without weighing conflicting evidence or passing upon the credibility of ·witnesses, it could be said that the evidence is so far insufficient to support a verdict for the appellant that such a verdict, if returned, would have to be set aside as unsupported by evidence, then the action of the trial court in directing a verdict for appellee was right. Rack v. Chicago City Ry. Co., 173 Ill. 289.

But if the evidence is such that reasonable men of fair intelligence might from it draw different conclusions as to whether the fact here necessary to create liability of appellee has been established, then the evidence should have been submitted to the jury. Wabash Ry. v. Brown, 152 Ill. 484; C. & N. W. Ry. Co. v. Hansen, 166 Ill. 623; Sidall v. Jansen, 168 Ill. 43; Offut v. The W. C. E., 175 Ill. 472.

There is no such evidence of any contributory negligence on the part of appellant as would warrant the trial court in directing a verdict for appellee. The only question was as to the sufficiency of showing that there was negligence of appellee which was a proximate cause of the injury, and we are of opinion, after a careful review of the evidence, that this question should have been submitted to the jury. If the contention of counsel for appellee as to the facts presented could be maintained, viz., that it does not appear from the evidence that appellee moved the car in question, and that it is established by the evidence that the condition of danger which caused the injury was the result of the acts of appellant and fellow-servants of appellant in moving the flooring of the scaffold about, then a very different question would be presented. In that event the only question of negligence on the part of appellee would be as to whether it could be found to be negligence to erect a scaffold of the kind in such proximity to the railroad tracks. But we are not prepared to hold that no different conclusions of fact than those contended for by counsel for appellee could be reasonably drawn from the evidence. Appellant testified that from the time when he went upon the scaffold the planks were not moved. If from this evidence and the evidence as to the car striking the scaffold the jury might

reasonably have found that the scaffold was in a dangerous condition when appellant was directed to go upon it to work, then it was error to exclude from the jury the consideration of such evidence. Hess v. Rosenthal, 160 Ill. 621; C. & A. R. R. Co. v. Maroney, 170 Ill. 520; Offut v. The W. C. E., *supra*.

And if the evidence would support such a finding of fact, then the fellow-servant doctrine, invoked by counsel for appellee, would have no application. C., B. & Q. R. R. Co. v. Avery, 109 Ill. 314; Hess v. Rosenthal, *supra*.

Nor do we regard as tenable the contention that the evidence wholly fails to show that appellant was directed to go upon the scaffold by a vice-principal of appellee. Harwig testified as follows:

" Q.   When Cluth was absent from the work, who had charge or direction of the men?   A.   I did.

" Q.   Do you know whether or not you directed Gravdahl that afternoon as to what he should do?   A.   Yes, sir; I told him to go on that scaffold and drill some holes there for some heavy bolts to hang the shaft."

This witness also testified that he worked in common with the other workmen, including appellant, and that he took all orders from Cluth, the foreman, and merely conveyed them to the others. But we can perceive no material difference in the effect of Harwig's command to appellant, whether he got his direction in the matter from Cluth, or gave it while acting as a foreman in the absence of Cluth.

In one of the counts of the declaration it is alleged, in substance, though inartificially, that appellees directed the movement of the car which ran into a part of the scaffold and caused its fall. There was some evidence tending to show that appellee did move the car. Whether it was negligent to move a car upon a track so near to this scaffold, upon which appellant and others were at work, without first learning of the condition of the movable flooring of the scaffold, was a question of fact for the jury. We can not weigh the somewhat conflicting evidence, consisting of statements made by the witnesses before the trial and the testimony given by them at the trial, and upon a question

of credibility, determine that a verdict could not have been properly given for the appellant. Neither could the trial court, upon a demurrer to the evidence, or motion in the nature of a demurrer, base its action upon such consideration. Rack v. Chicago City Ry. Co., *supra.*

Whether by reason of such question of credibility and weight of evidence, the appellant may eventually be able to recover, is not to be determined now. We can only determine now that there was sufficient in the evidence to warrant its submission to a jury, not upon the theory that the evidence amounts to a scintilla only, in support of the appellant's right to recover, but upon the proposition that reasonable minds might reasonably differ in conclusions of fact as to such right.

We are of opinion that the ruling of the trial court, excluding proffered testimony as to a better and safer method of constructing the scaffold, was correct. The matter in issue was whether the scaffold in question was reasonably safe; not whether some other scaffold would be safer. Camp Point Mfg. Co. v. Ballou, 71 Ill. 417; C., B. & Q. R. R. Co. v. Smith, 18 Ill. App. 119; Richards v. Rough, 53 Mich. 212; Sweeney v. Berlin & Jones Co., 101 N. Y. 520; Kehler v. Schwenk, 144 Pa. St. 348.

In the case last cited the Pennsylvania court said :

" Except to make another man's will for him, after his death, there is nothing which a jury is more apt to think it can do better than the owner, especially under the stress of a claim for damages by one who has been injured, than to say how another man's business ought to have been managed, and nothing in which juries should be held more strictly and unflinchingly within their proper province."

We think that the court was right in refusing to hear evidence upon a collateral issue, viz., as to whether there was or was not a better and a safer method of constructing scaffolds—an issue the determination of which would not determine the liability of appellee.

For the error in peremptorily directing a verdict, the judgment is reversed and the cause is remanded.