## Frederick Putney, Adm'r, etc., v. Martha J. Keith.

1. NEGLIGENCE—*Requisites in Actions for.* —Actions for negligence are based upon injuries sustained in consequence of a failure to discharge some legal duty, and the first requisite is to show the existence of the duty which it is alleged has not been performed.

2. SAME—*General Allegations of Duty Not Sufficient—Pleading.*—

It is not sufficient, in a declaration in an action for negligence, to allege generally that it was the duty of the defendant to do certain things; the pleader must state facts from which the law raises the duty.

3. SAME—*The Opposite of Care and Prudence.*—Negligence is the opposite of care and prudence—an omission to use the means reasonably necessary to avoid injury to others.

4. SAME—*Definitions of Negligence.*—Negligence has been defined to be an omission to do something which a reasonable man, guided by those considerations which ordinarily regulate the course of human affairs, would do, or doing something which a reasonable and prudent man would not do.

5. SAME—*In the Performance of Household Duties—Illustration.*— The daughter of the owner of a home, occupied together by him and her, invited a child to spend the day with her when she and her father were both at home and when she had full charge and control thereof, and when doing her work about the house she placed a large vessel of hot water on the floor of the kitchen, into which the child inadvertently fell and was fatally injured. *Held,* that the daughter was not liable for such injury.

6. ORDINARY CARE—*Defined.*—Ordinary care is such diligence as men of common prudence usually exercise about their own affairs, or as to property, it is such care as every prudent man takes of his own goods.

7. SAME—*When Consistent with Slight Negligence.*—Ordinary care is consistent with slight negligence, except in instances such as the work of common carriers of passengers, in which the law imposes extraordinary diligence; and whoever exercises ordinary care in the conduct of his affairs, not to injure others, is not responsible for injuries resulting from acts performed with such care.

**Trespass on the Case.**—Death from negligence, etc. Appeal from the Circuit Court of Winnebago County; the Hon. JOHN C. GARVER, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed November 15, 1901.

**Statement.**—From the declaration and amendments filed in this cause it appears that on November 22, A. D. 1897, one Adam Keith was the owner of his home in Winnebago county, Illinois, and occupied the same together with his daughter, Martha J. Keith, the appellee; that on the said day said Adam Keith invited one Susan W. Putney, now deceased, to spend the following day, being November 23, 1897, at his home; that said appellee well knew said Adam Keith had so invited said Susan W. Putney, as aforesaid; that Susan W. Putney went to said home on said 23d day of November, 1897; that said Adam Keith and appellee

were both at home on said day; that on said 23d day of November, 1897, appellee had full charge and control of said home and that it was in her power and line of duty to keep all the rooms in said house in proper and safe condition for the use and occupancy of the persons who were rightfully found therein; that in performing her household duties appellee did on the 23d day of November, A. D. 1897, carelessly and negligently place a large dish of hot water on the floor of the room commonly called the kitchen, and in a direct line leading through the doorway from the sitting room to said kitchen, about two feet distant therefrom, through which said door appellee well knew said Susan W. Putney was in the habit of passing in running around a circuit through said rooms; that said sitting room, kitchen and the pantry formed an attractive playground for said child; that shortly after appellee so placed said dish of hot water in said doorway Susan W. Putney did so run through said doorway and inadvertently fell into said dish of hot water and shortly thereafter died from the effects of the scalds received in falling into said hot water; that said Susan W. Putney was an infant of two years of age and left her surviving next of kin who have been and are deprived of their means of support and education and for whose benefit this suit is brought by her administrator.

The court sustained a demurrer to the declaration and the plaintiff not asking further leave to amend, the court dismissed the suit. From that judgment the plaintiff prosecutes this appeal.

B. A. KNIGHT, attorney for appellant.

WM. LATHROP and ROBERT LATHROP, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

Actions of negligence are based upon injury sustained in consequence of failure to discharge a legal duty. In such actions the first requisite is to show the existence of the duty which it is insisted has not been performed. Shearman

& Redfield on Negligence, 4th Ed., Secs. 3, 4, 5, 15; DeLavergne Machine Co. et al. v. McLeroth, 60 Ill. App. 529.

It is not sufficient in a declaration to say, generally, that it was the duty of the defendant to do certain things. The pleader must state facts from which the law raises the duty. Ayers v. City of Chicago, 111 Ill. 406–412.

What was the duty which Martha Keith owed to Susan Putney ? She did not invite, but knew that Susan had been invited and had come to the house; that she was in the habit of passing, in running around a circuit, through the rooms of the house, among other rooms through the kitchen of the house and a doorway leading into such kitchen; she knew that Susan was a child, two years of age. Martha owed to Susan the duty of not intentionally or willfully injuring her, or preparing for her a trap or pitfall with the intention that Susan should or might fall therein. She owed to her the duty of doing her work with ordinary care for the safety of Susan. Martha was not employed to look after and watch out for the safety of Susan. Her duties were, primarily, to care for the house, to keep it in order, and perform such household duties as the housekeeping involved. She owed no duty to Susan, except such as arose from her knowledge of the presence and habits or ways of Susan. She did not owe to Susan the duty of ceasing to discharge her household duties in the ordinary way, and in the manner by which they are by ordinarily prudent people discharged. On the contrary, for her to have folded her hands and said she could not do her usual household duties, because Susan was upon the premises, would have been a breach of her duty to look after and care for the house. Negligence is the opposite of care and prudence; is an omission to use the means reasonably necessary to avoid injury to others. Great Western R. R. Co. v. Haworth, 39 Ill. 346; Chicago & Alton R. R. Co. v. Pennell, 94 Ill. 448.

It has been defined to be an omission to do something which a reasonable man, guided by those considerations which ordinarily regulate the course of human affairs, would do, or doing something which a prudent and reasonable man

would not do.   Blythe v. Birmingham Water Works, 11 Exchq. 784; Parrott v. Wells, Fargo & Co., 15 Wallace, 524.

It has also been defined as the absence of care, according to circumstances (Vaughan v. Taff Vale Railway Co., 4 Barnwell & Adolphus, 30); and it has also been defined as a violation of the obligation that enjoins care and caution in what we do.   Tonawanda R. R. Co. v. Munger, 5 Denio, (N. Y.) 256.

Ordinary care is such diligence as men of common prudence usually exercise about their own affairs; ordinary care as to property is such care as every prudent man takes of his goods.   Chicago & Alton R. R. Co. v. Scott, 42 Ill. 132 –143.

Ordinary care is consistent with slight negligence, except in instances such as the work of common carriers of passengers, in which the law imposes extraordinary diligence; whoever exercises ordinary care in the conduct of his affairs not to injure others, is not responsible for hurts that come from acts performed with such care.   Shearman & Redfield on Negligence, 4th Ed., Sec. 11, Vol. 1; Parrott v. Wells, 15 Wall. (U. S.), 524–538; Inhabitants of Shrewsbury v. Smith, 12 Cush. (Mass.) 177–180; Railroad Co. v. Yeiser, 8 Penn. St. 366–374–376; Sullivan v. Scripture, 3 Allen (Mass.), 564–565; Harvey v. Dunlap, Lalor's Supplement (Hill & Denio, N. Y.), 193; Losee v. Buchanan, 51 N. Y. 476–484; Panton v. Holland, 17 Johns. 92.

Is a housekeeper or house servant bound to respond in damages for injuries which arise from the discharge of household duties in the manner and with the care for the safety of others which prudent people exercise under like circumstances?   There are persons holding judicial office, who, as children, lived in families where the kitchen was also the dining and sitting room, the living room of the household, and there are to-day many thousand families in which such is the case.

In all households it is necessary to have fire—a dangerous thing.   It is necessary to boil water, to cook food therein. The steam escaping from the tea kettle is tempting to child-

ish fancy. In such a household, if, while the mother's or servant's attention is engaged, or for a moment she is called out of the room, a little daughter, two years of age, falls into the fire or puts her hands in the boiling water, or pulls the kettle down upon her, is the person who, in the discharge of her household duties, had placed these dangerous things within reach of the child, responsible for whatever injuries may through such means have come to it? Can the discharge of household duties in the manner and with the care they are usually performed under the same circumstances by prudent people constitute actionable negligence? In the absence of allegation to the contrary, it must be assumed against the pleader that Martha was engaged in a proper domestic occupation for which such a dish of hot water was required at the particular place in the room where it was put, and that she had a right to perform that domestic office at that particular time.

It is quite true that negligence can not be attributed to infants of tender years. The question presented in this case is not at all whether Susan exercised ordinary care. It is admitted that she exercised all the care that could be expected from a child of her years. The question is, does the declaration allege actionable negligence? Was Martha, the defendant, in discharging her household duties in the manner which prudent people do under like circumstances, guilty of negligence? That is to say, as a general proposition, to avoid actionable negligence toward children of tender years, must, in the ordinary household, all fires be put out, all boiling of water suspended, all cleaning of rooms and other things, with hot suds, omitted, whenever there are such children in the house, unless some grown person is put in charge of the children or they are locked out of the room where such household duties are being performed?

It is common knowledge that the placing of pails or tubs of hot water upon the floor of a kitchen, to which small children have access, for the purpose of cleaning the room, is an ordinary occurrence, and an act such as prudent people perform in the discharge of household duties.

It is not the case, that having about a house things that attract childish attention and by which they may be injured is necessarily negligence. If such things be the ordinary utensils and appliances made use of by prudent people, and they be kept and used in such manner as they ordinarily are by prudent people, such keeping and use is not negligence as regards adults or infants. Sullivan v. Scripture, 3 Allen (Mass.), 564–565; Railroad Co. v. Veiser, *supra;* Brown v. Collins, 53 N. H. 442; Brown v. Kendall, 6 Cush. 292; Crofton v. Metropolitan Ry. Co., L. R., 16 C. P. 300.

The exceptions in favor of infants of tender years, discussed and recognized in City of Pekin v. McMahon, 154 Ill. 141, and Siddall v. Jansen, 168 Ill. 43, are not applicable to the present case. The pond allowed to exist within the city of Pekin, was neither a necessary, customary, nor usual thing in such cities, and attention had been called to its danger. The elevator kept in the store of Jansen was not only accessible to children, but the child injured by crawling into the shaft thereof, was the son of one of the employes of the firm and permitted by the defendants to visit its father at the store and run about in the vicinity of the elevator shaft.

Undoubtedly that which is ordinary care as respects adults, may not be as regards children; nevertheless, as regards children as well as adults, the care of persons having no special relation to them, required by law, is that which prudent people exercise under like circumstances.

We are not aware of any case in which a person engaged in the discharge of ordinary household duties in the usual manner and with the care and circumspection which prudent people usually give to such affairs, has been held liable for an injury to either adult or infant, resulting from such conduct on the part of such housekeeper or servant.

The judgment of the Circuit Court is affirmed.

DIBELL, P. J., dissenting:

The following are some of the general rules of law involved in this case. Where one visits the private house

of another as a social guest, the owner is bound to take the same care of the guest that he takes of himself and the other members of his household, and no more, except that the owner also assumes the duty toward his guest of exercising reasonable care that such premises shall not contain dangerous obstructions, pitfalls, and the like, which may result in his injury, and if the guest is injured without his fault by reason of the failure of the owner to exercise reasonable care to have his premises free from such dangerous pitfalls, or the like, the owner will be liable to the guest for the injury, and also with the exception hereafter stated as to infants. The owner or occupant of premises is not bound to keep them safe or in any particular condition for the benefit of trespassers, intruders, mere volunteers or mere licensees, coming upon them without his invitation, express or implied. The exception as to children in both cases is that if the owner or occupant erects, creates, brings or leaves upon his premises any dangerous thing or condition attractive to young children, or which attracts the childish instincts of young children to play with it, he is bound to use reasonable precautions to protect them from injury while playing with it or coming in its vicinity, and if he does not and they are attracted to it to their hurt, he is liable. (1 Thompson's Commentaries on Negligence, sections 944, 971, 1024, 1050.) These exceptions in favor of infants of tender years are fully discussed and recognized in City of Pekin v. McMahon, 154 Ill. 141, and Siddall v. Jansen, 168 Ill. 43.

According to the allegations of the third count Susan was but two years old, an age at which a child is incapable of exercising discretion for her own protection; the rooms were an attractive playground for the child; she was accustomed to use them as such and to run around the rooms of the house and through the kitchen door, and Martha knew these facts, and knew the child was there by Adam Keith's invitation. In the direct course of Susan's customary play Martha placed a dish of hot water, which was not only itself dangerous to an undiscriminating child, but which (it

was averred) made it unsafe for any person to pass into the kitchen through that door. The facts averred imply that the dish was low enough so that a little child could fall into it, and that Martha took no precaution to protect the child, as she might have done by placing the dish on a chair or bench. Martha's acts and omissions were each charged to have been negligent. The child fell into the dish and thereby lost her life, and left next of kin for whose benefit an action is provided by law. The dish of hot water was, as to so young a child, in the nature of a dangerous pitfall. The fact that it was there for a proper domestic purpose did not excuse Martha for her failure so to guard it as to protect the child. I am of opinion the amended third count brought the case within the exceptions in favor of tender infant children, and stated a breach of the duty owing to such a child, and that the demurrer thereto should have been overruled.