## Knickerbocker Ice Company v. Oliver K. Leyda.

### Gen. No. 4,582.

1. ORDINANCE—*when violation of, precludes right to recover for personal injuries.* Where the injury in question was proximately contributed to and caused by the plaintiff's violation of an ordinance, his right to recover is thereby foreclosed.

2. ORDINANCE—*when plaintiff's violation of, does not preclude recovery for personal injuries.* The right of a plaintiff to recover for personal injuries is not foreclosed because of the fact that at the time of the injury in question he was violating a municipal ordinance, if it appears that permission so to do had been granted him by the proper authorities.

3. MEASURE OF DAMAGES—*when instruction as to, in personal injury case, erroneous.* An instruction upon this subject is erroneous which is calculated to create in the minds of the jury the belief that it was their duty, in case they found for the plaintiff, to fix the damages at the highest possible amount the evidence would justify.

4. MEASURE OF DAMAGES—*when instruction as to, in personal injury case, erroneous.* A plaintiff in an action for personal injuries is not entitled to recover damages for future mental pain or suffering unaccompanied by physical pain or suffering, and an instruction which tells the jury to give damages for future mental or physical suffering is erroneous where it is not predicated upon some evidence of possible future suffering.

5. NEGLIGENCE—*what not such as to justify a recovery for personal injuries.* The slightest want of care upon the part of a de-

fendant is not sufficient to justify a verdict in a personal injury suit; it is only the failure to exercise ordinary care which will sustain such a verdict.

Action on the case for personal injuries. Appeal from the City Court of Aurora; the Hon. JOHN L. HEALY, Judge, presiding. Heard in this court at the October term, 1905. Reversed and remanded. Opinion filed June 1, 1906.

W. H. CARD and AMOS C. MILLER, for appellant.

WHEELER, SILBER & ISAACS and MURPHY & ALSCHULER, for appellee.

MR. PRESIDING JUSTICE VICKERS delivered the opinion of the court.

Plaintiff was injured while working under the Lake Shore and Rock Island viaduct, which is at the crossing of Fifty-first street, in the city of Chicago. Plaintiff when injured was with his associates engaged in painting the under side of this viaduct. At this place the street was depressed slightly for some distance before it reached the beginning of the viaduct. This depression amounted to two feet in one hundred. Before the street reached the viaduct it became level and passed under the viaduct as a level street, until, on the other side and some distance beyond it, the grade was raised two per cent. to meet the street beyond. The plaintiff was standing upon planks which hung under a part of the under side of the viaduct and was painting about sixteen feet in from the east end. The driver of defendant's wagon came from the east in the north street railway tracks, which run under the viaduct, and when about forty feet away from where plaintiff was working, plaintiff saw him, waved to him to turn out, and called to him. The driver pulled back his horses and stopped. Plaintiff claimed that he motioned for him to turn out and, thinking he was going to do so, turned and went on painting. The driver, instead of turning out, drove along to the

planks and attempted to pass under them. A crowbar projecting up from his wagon struck the plank on which plaintiff was working, throwing plaintiff on his head and shoulders to the stone pavement,· causing the injuries complained of. It appeared that when a street car passed underneath the viaduct, the planks were moved back so that the street car could pass, but that this took three or four minutes. There is a conflict in the testimony as to the warning which plaintiff gave the driver. Three witnesses testify that he called and waved to the driver; the driver testified that no one called to him until he got right under the scaffold when some one, he does not know who, said "All right." Plaintiff testifies that he was not watching the wagon and driver after he waved and called, believing that the latter intended to drive out, as other wagons had done. Plaintiff received a wound on his scalp which extended down his forehead to a point an inch and a half over his left eye. He was for some time out of work on account of his injuries, was operated upon in hospital and bears a slight scar on his forehead and scalp. The plaintiff proved an actual money loss of about $125. The defendant filed a plea of general issue and during the trial asked leave to file additional pleas, setting up ordinances of the city of Chicago, which defendant claimed plaintiff was violating at the time of the accident. The court permitted these special pleas to be filed and required plaintiff to plead to them instanter. Plaintiff filed an oral demurrer which was overruled, and the court denied plaintiff's application for leave to file replications, general and special.

The jury returned a verdict of·$750 for plaintiff, upon which there was judgment, and defendant appeals.

The defendant filed in court a motion to dismiss the suit on the ground that the cause of action did not arise within the city of Aurora and that therefore the

City Court of Aurora had not jurisdiction of the sub-ject-matter of the suit. If the court did not have ju-risdiction of the subject-matter of the suit the judg-ment entered by it is a nullity and should be reversed without remanding the cause. Want of jurisdiction over the person may be waived, but lack of jurisdiction over the subject-matter cannot be waived and is fatal to the validity of the judgment even on appeal. We are of opinion that the City Court of Aurora did have jurisdiction of the subject-matter and that the motion to dismiss was properly denied. Hercules Iron Works v. Elgin, Joliet and Eastern Ry. Co., 141 Ill. 491.

The defendant introduced in evidence the following ordinances of the city of Chicago:

"1867. *Streets, Alleys, etc., to be kept clear.* The streets, alleys and sidewalks in the city of Chicago, shall be kept free and clear of all obstructions, incum-brances and encroachments for the use of the public, and shall not be used or occupied in any other way than is herein provided."

"1881. *Incumbrances or Obstructions.* Any person, company or corporation who shall incumber or ob-struct, or cause to be incumbered or obstructed any street, alley, public landing, wharf or pier, or other public place in said city, by placing therein or thereon any building materials or any article or thing what-soever, without having first obtained written permis-sion from the commissioner of public works, shall be subject to a penalty of not less than five dollars nor more than fifty dollars for each offense, and a further penalty of ten dollars for each day or part of a day such incumbrance or obstruction shall continue."

"1898. *Who Liable for Damages.* In all cases when any person or persons shall perform any of the work mentioned in the preceding sections, either under con-tracts with the corporation or by virtue of permission obtained from the mayor and city council, or either of the departments, such persons shall be answerable for any and every damage which may be occasioned to

persons, animals or property, by reason of carelessness in any manner connected with the said work."

"1901. *General Penalty.* Any person who shall violate, neglect or refuse to observe any of the provisions of this article, when no other or different penalty is provided, shall be fined, on conviction, not less than five dollars nor more than twenty dollars."

It is manifest that the accident would not have happened had not the plaintiff been at the time violating ordinances of the city of Chicago, and that such violation contributed directly and proximately to cause the injury which he received. In reply to this it is to be said that it may be the case that permission to occupy the street with a platform in the manner the plaintiff was doing at the time of the injury had been given by the commissioner of public works. The plaintiff should have been permitted to show, if he could, that such permission had been given.

The Supreme Court of Massachusetts, in the case of Newcomb v. Boston Protective Department, 146 Mass. 596, on page 602 said: "No case has been brought to our attention, and upon careful investigation we have found none, in which a plaintiff whose violation of law contributed directly and proximately to cause him an injury has been permitted to recover for it; and the decisions are numerous to the contrary. Hall v. Ripley, 119 Mass. 135; Banks v. Highland Street Railway, 136 Mass. 485; Tuttle v. Lawrence, 119 Mass. 276, 278; Lyons v. Desotelle, 124 Mass. 387; Heland v. Lowell, 3 Allen, 407; Steele v. Burkhardt, 104 Mass. 59; Damon v. Scituate, 119 Mass. 66; Marble v. Ross, 124 Mass. 44; Smith v. Boston & Maine Railroad, 120 Mass. 490. And it is quite immaterial whether or not a plaintiff's unlawful act contributing to his injury is negligent or wrong when considered in all its relations. He is precluded from recovering, on the ground that the court will not lend its aid to one whose violation of law is the foundation of his claim. Hall v. Corcoran, 107 Mass. 251."

At the instance of plaintiff the following instructions were given:

"If you find a verdict for the plaintiff, you should award him full compensation for the injuries he has sustained, and in arriving at the amount of such compensation you are not restricted to the mere loss of time by the plaintiff, but you may allow such damages as will compensate him for the physical and mental pain and suffering, if any, which the evidence shows that he has sustained or will sustain in the future, by reason of the injuries, if any, which he received."

"The court instructs you, that it was the duty of defendant's driver to use ordinary care in driving his wagon, even as against a person who may have been violating a city ordinance, and if you find, from the evidence, that the injuries of the plaintiff were caused by want of care on the part of the defendant's driver, and not by his own negligence, then your verdict must be for the plaintiff."

The jury should not have been instructed that if they found for the plaintiff they should award him full compensation for the injuries he had sustained. As is said by the Supreme Court in the City of Peoria, et al., v. Robert Simpson, 110 Ill. 294-304: "The language in which this instruction is expressed is well calculated to create in the minds of the jury the belief it was their duty, in case they found for plaintiff, to fix the damages at the highest possible amount the evidence would justify."

Nor should the jury have been instructed that they might allow the plaintiff such damages as would compensate him for the physical and mental pain and suffering, "if any, which the evidence shows that he has sustained or will sustain in the future by reason of the injuries, if any, which he received." There was no evidence that the plaintiff had suffered any mental pain, unless an inference might be drawn that he was annoyed or humiliated by the very slight disfigurement caused by the injury. Nor was there any evidence tending to show that he was likely, as a result

of the injury, to in the future sustain any physical pain or suffering. Nor do we think the plaintiff is entitled to recover for future mental pain or suffering, unaccompanied by physical pain or suffering.

.Nor should the second of the above instructions have been given. While it is quite true that it was the duty of the defendant's driver to use ordinary care in driving his wagon, even as against a person who may have been violating a .city ordinance, nevertheless it is not the case that if the injuries of the plaintiff were caused by want of care on the part of the defendant's driver and not by his own negligence, the verdict must be for the plaintiff. It is not the case, as the jury might infer from this instruction, that if the injuries of the plaintiff were caused by the *slightest* want of care on the part of defendant's driver and not by the plaintiff's negligence, .the verdict must be for the plaintiff.

"Negligence is the opposite of care and prudence; is an omission to use the means reasonably necessary to avoid injury to others." Putney v. Keith, 98 Ill. App. 285-288.

"Ordinary care is consistent with slight negligence, except in instances such as the work of common carriers of passengers, in which the law imposes extraordinary diligence; whoever exercises ordinary care in the conduct of his affairs not to injure others, is not responsible for hurts that come from acts performed with such care." Putney v. Keith, 98 Ill. App. 285-289.

The defendant's wagon was lawfully upon the street and, while proceeding in a lawful manner, the defendant was bound, as respects the plaintiff, to exercise only reasonable and ordinary care to avoid injury to him. Vol. 21, p. 462, Am. & Eng. Ency. of Law, 2nd ed.

The judgment of the City Court of Aurora is reversed and the cause remanded.

*Reversed and remanded.*