## Stanley Grauslis, by his next friend, v. Kellyville Coal Company.

1. NEGLIGENCE—*doctrine of allurement, held not to apply.* Held from the facts in this case, that there was nothing alleged in the declaration which brought the plaintiff, a minor, within the principles of attractive nuisances.

Action on the case for personal injuries. Error to the Circuit Court of Vermilion County; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the November term, 1905. Affirmed. Opinion filed June 8, 1906.

SALMANS & DRAPER, for plaintiff in error.

H. M. STEELY, for defendant in error.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

Plaintiff in error brought suit in the Circuit Court of Vermilion County against defendant in error, filing a declaration in which he charged in substance that on the 10th day of January, 1904, defendant in error was the owner of a coal mine which it was operating in said county; that for the purpose of removing ashes and other refuse matter, it operated cars, on tracks, which were moved up and down an incline by means of a large cable, which ran over pulleys or wheels situated or placed only a few inches above the surface of the ground ; that the said pulleys or wheels were in an open and unprotected place and that said cable and pulleys were operated together, near the side of a path which men and boys were, and for a long time prior thereto had been, with the knowledge of defendant in error,

in the habit of using in passing to and from said coal mine; that on the day aforesaid, said Stanley Grauslis, then a child of the age of twelve years, while passing one of said wheels was then and there attracted to it, as the same made its revolutions, which device was a thing calculated to attract children to it for play, and while in the exercise of due care for one of his age, slipped and fell upon and against said revolving wheel and his left leg was caught between the spokes of said wheel and broken, whereupon plaintiff in error averred that defendant in error was negligent in operating said cable and pulley without having the same covered and protected.

To the declaration defendant in error filed a demurrer which was sustained by the court, whereupon plaintiff in error elected to stand by his declaration. He brings the case to this court by writ of error.

Plaintiff in error bases his right to recover upon the holding announced in the case of The City of Pekin v. McMahon, 154 Ill. 141, and Siddall v. Jansen et al., 168 Ill. 43. We do not think the holding in either of those cases supports the contention of plaintiff in error. In the case of the City of Pekin v. McMahon, while the court holds that an exception exists in favor of children, to the general rule that those who go upon private land uninvited are trespassers, and the city was held liable in that case for leaving a pond unprotected and unguarded, yet such liability was put upon the ground that the dangerous device or pond was in a populous city and bounded on two sides by public streets and on a third side by a public alley, with an opening of some forty feet in the fence upon one of the streets and another opening equally large upon the alley, inviting approach, and had been actually used for passage by men and teams and that the city authorities had been notified of its attractiveness to children and its dangerous condition.

In the case of Siddall v. Jansen, the child injured was but five years old and was taken by his father, who was in the employ of the defendants, to their place of business,

Grauslis v. Kellyville Coal Co.

where he was at work. During the temporary absence of the father the child was attracted to an elevator, the door of which was left unfastened, contrary to the terms of an ordinance in force and governing its use.

In the McMahon case the danger was located immediately adjoining a public street and uninclosed, and in the Siddall case it was in a building where the child might be rightfully, under the circumstances there shown, and was left insecure, contrary to ordinance.

In the case at bar there is no averment in the declaration that the premises involved were uninclosed, nor that the place where Stanley was hurt was near a public street or highway; nor that plaintiff in error was in any manner invited to be upon said premises, or at the place where he was injured. In short, there is no allegation whatever in the declaration, showing how or in what manner or at whose instance plaintiff in error came upon the premises in question.

In the absence of any allegation showing that the premises, upon which the alleged dangerous device stood, were uninclosed, or that the owner of the premises had allowed them to be so used that under all the circumstances it could be said that said premises were, in a measure at least, temporarily devoted to public use, or that plaintiff in error had been or was in some way invited to be or was rightfully upon the premises, it cannot be held, as a matter of law, that defendant in error owed any duty to Stanley to cover or protect such revolving wheels.

The demurrer was properly sustained and the judgment is affirmed.

*Affirmed.*