## Anna Francesetti, Appellee, v. Spring Valley Coal Company, Appellant.

### Gen. No. 22,863.

1. NEGLIGENCE, § 45*—*when evidence is sufficient to show that coal dump pile and machinery constitutes an attractive nuisance.* In an action against a coal mining company to recover for personal injuries to a child which were alleged to have been caused by an attractive nuisance on its premises, consisting of a dump pile and machinery used in connection with the dump, where the evidence shows that the place where the machinery was operated was open and, to defendant's knowledge, frequented by children; that it could have been protected, in the exercise of reasonable care, so as to exclude accidents without interfering with its practical operation; that defendant knew that, unprotected, the place was one of danger to children who had not attained years of

---

discretion; that when the machinery was in motion it was attractive to children and to the exclusion of other similar places not having operative machinery, the evidence warrants a finding that the pile and machinery constituted an attractive nuisance.

2. NEGLIGENCE, § 194*—*when question for jury whether place is attractive nuisance.* In an action to recover for injuries to a child alleged to have been caused by an attractive nuisance, the question whether the place of the accident was an attractive nuisance is for the jury.

3. NEGLIGENCE, § 45*—*when evidence sufficient to show that place constituting attractive nuisance could have been protected.* In an action to recover for injuries to a child alleged to have been caused by an attractive nuisance, evidence *held* to support a finding that the place of the accident might have been readily protected, by the exercise of reasonable care, so as to exclude accidents and not to warrant a finding that leaving the place unguarded and unprotected was the only practical method of operation.

Appeal from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed May 28, 1917.

MASTIN & SHERLOCK, for appellant; FRANK CROZIER, of counsel.

GEORGE E. GORMAN and POLLOCK, RAINEY & LIVINGSTON, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Plaintiff, in an action for personal injuries, obtained a verdict for $15,000 and a judgment thereon against defendant, from which defendant appeals.

It is averred in the declaration that plaintiff lost her left arm a few inches below the shoulder, on the premises of defendant in the Village of Dalzell, Bureau county, Illinois. It is said that plaintiff was a trespasser upon the property of defendant when injured, unless it can be held as a matter of law that the occurrence falls within the doctrine of attractive nuisances.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

It seems that at the time of the accident, August 6, 1907, plaintiff was a little girl living in the Village of Dalzell near the coal mine of defendant; that defendant conducted coal mining operations and owned a tract of land near the Village of Dalzell on which it prosecuted that business. The declaration avers, *inter alia,* that defendant had a certain overhead trolley with cars attached thereto, which were operated along the overhead trolley by means of a revolving rope, pulleys and sprocket wheels, as a means of carrying rock and waste to the dumping ground; that these were so arranged that cars attached to the trolley were moved from the mine opening up an incline to the dumping ground, where the cars were dumped and returned down the incline; that this place was located in proximity to a public highway, where numerous children were accustomed to pass in going to and returning from school; that there was a certain path from the highway to the mines which was used by children in reaching that part of defendant's premises where the machinery was located; that such children were in the habit of going on the premises, which were uninclosed, for the purpose of amusement, to watch the conveyor while in motion, and to play on the refuse pile, which was attractive to children on account of the natural desire to run up and down an artificial hill thus created, slide and play thereon, and because the continued movement of the conveyor was attractive to children by reason of their love of motion other than their own locomotion. It is then averred that defendant in the exercise of reasonable care and prudence would have known that the artificial hill, cars, sprocket wheels, ropes, and other appliances used on the conveyor, the conveyor when in operation, and the dumping ground itself, were attractive to children, and that children were in the habit of going to the premises to play about the same; that because

of such attractions there existed an implied invitation to children to come upon the land of defendant and play thereon, and that by reason thereof the premises were a dangerous and attractive nuisance to children. It is then averred that plaintiff went upon the premises to play upon the rock pile and to pick up coal; that it was defendant's duty to exercise reasonable care in the operation of its conveyor to see that the same was reasonably safe for persons about it, or provide reasonably safe means to warn or protect children from such dangers; that defendant neglected its duty in this regard and permitted the wheels, etc., to remain unguarded and unprotected, and failed to use any reasonably safe means to warn or protect children, by reason whereof plaintiff's clothing, while she was in the exercise of reasonable care for her own safety and while she was standing on the rock pile near the rope, caught in the conveyor so that she was drawn up to and against a certain wheel, mangling her arm, etc.

The sole question here for determination is, does the case fall within the doctrine of attractive nuisances, and defendant, in denial that it does, contends that the declaration states no cause of action; that the instructed verdict requested by defendant should have been granted, and that the verdict was contrary to the manifest weight of the evidence; and it being conceded that the facts of the occurence are not in serious dispute, the whole question involved becomes primarily one of law.

It appears that the machinery of defendant attracted children to it; that there was adjoining the property of defendant another coal mining property similarly situated, but which lacked the attraction of machinery, and the evidence fairly shows that the children did not resort to the property where there was no machinery, but to the property of defendant where the machinery was in operation; and it may be

argued therefrom that this was the lure to the children which constituted an attractive nuisance.

It is further urged that plaintiff's injuries did not flow from any trouble with the machinery, but that it was the wind which blew her clothing into the machinery which was the cause of the accident, and that there was nothing about that machinery with which children could play.

We think the evidence fairly establishes that defendant knew that children played in the vicinity of the revolving machinery, and therefrom it had notice of the dangers to which such children were exposed, and that it took no means to prevent accidents befalling such children. It is quite true that unless defendant can be condemned under the doctrine of attractive nuisance, then it owed no duty in the premises whatever.

The doctrine of attractive nuisance as expounded by our own Supreme Court is the law of this forum, notwithstanding decisions in conflict therewith may be encountered in other jurisdictions. We do not think the doctrine of attractive nuisance as defined in the so-called "turntable" cases need be extended to any greater lengths than pronounced in such decisions, but if the principle of these decisions is applicable by analogy to the facts of the instant case, then such case falls within the principle and the doctrine. Defendant contends that the doctrine of the so-called "turntable" cases is as announced in *City of Pekin v. McMahon,* 154 Ill. 141, in these words:

"In many, if not in all of the foregoing 'turntable' cases, stress is laid upon the facts that the turntable was in a public or open and frequented place; that it was dangerous and left unfastened, and when in motion (i. e., put in motion by children) was attractive to children by reason of their love of motion 'by other means than their own locomotion'; and that the servants of the railroad companies knew, or had reason

to believe, that it was attractive to children, and that children were in the habit of playing on or about it. The doctrine of the cases is that the child cannot be regarded as a voluntary trespasser, because he is induced to go upon the turntable by the defendant's own conduct.''

Every essential of this quotation could be suitably paraphrazed to fit the case before us. The place where the machinery was operating was in an open, frequented place, a place frequented, to the knowledge of defendant, by the children of the village; defendant also knew that, unprotected, the place was one of danger to children who had not attained years of discretion; that when the machinery was in motion it was attractive to children, and in fact attracted the village children to the exclusion of all the other slack, rock and dump piles in the vicinity lacking operative machinery. *Rost v. Parker Washington Co.*, 176 Ill. App. 245.

We think the evidence clearly justifies the conclusion that the machinery and the rock pile combined were in fact an attractive nuisance within the reasoning of all the cases in this jurisdiction defining an attractive nuisance. Whether the place of the accident to plaintiff was an attractive nuisance was for the determination of the jury as a question of fact, and we think they might reasonably find from the evidence in the record that it was. *Siddall v. Jansen*, 168 Ill. 43. And they might further find, as we assume they did, that the place of danger might, by the exercise of reasonable care, have been readily protected so as to exclude accidents; and from the proofs we hardly think the jury could have fairly said that leaving the place unguarded and unprotected was the only practical method which could have been pursued in operating the machinery.

The declaration stated a cause of action, the evidence in the record proves the essentials of the negli-

gence charged, and that record being otherwise without error in procedure, the judgment of the Superior Court is affirmed.

*Affirmed.*