## Isaac N. Damon *vs.* Inhabitants of Scituate.

Plymouth.   October 19. — 22, 1875.   Ames & Morton, JJ., absent.

In an action against a town for an injury sustained by a defect in a highway, the mere fact that the injury was sustained while the plaintiff was attempting to pass in his carriage another carriage travelling in the same direction, in violation of a statute, does not as matter of law defeat the action, if his own fault or negligence did not contribute to the injury; but it is competent evidence of negligence on his part to be submitted to the jury.

Tort for personal injuries and for injuries to the plaintiff's horse and carriage, occasioned by an alleged defect in a highway

which the defendant was bound to keep in repair. Answer, a general denial.

At the trial in the Superior Court, before *Rockwell,* J., it appeared that the injuries were sustained by the carriage going off of a bridge over a culvert, the bridge not being protected by a railing, while the plaintiff, who was driving, was attempting to pass, on the right hand side of the road, another carriage travelling in the same direction.

There was no evidence that the plaintiff requested the other carriage to give him room to pass, and its driver being called by the plaintiff testified without contradiction, that the first he knew of the plaintiff's whereabouts, was that he heard the sound of wheels on the stones; directly saw the plaintiff's horse abreast of him; thought there was not room for him to pass; turned his own horse to the left, and immediately heard a crash.

The defendant called the attention of the court to and read the Gen. Sts. *c.* 77, §§ 2, 4, and asked the judge to instruct the jury as follows:

" That the plaintiff, to maintain his case, must show that he was in the exercise of due care; that attempting to pass the carriage on the right hand side of the road is evidence tending to show want of due care, and, unless justification thereof is shown, is conclusive evidence of want of such care.

" That the plaintiff, to maintain his case, must show that he was in the exercise of due care; that attempting to pass the carriage on the right hand side of the road is evidence tending to show want of due care, and, unless justification therefor is shown, is conclusive evidence of want of such care; and that the burden of showing such justification is upon the plaintiff.

" That the town is obliged to maintain its road only for persons lawfully travelling thereon; that the plaintiff at the time the accident occurred was not lawfully travelling on the defendant's road, and the defendant is not responsible for any injuries at such time received by him."

The judge declined so to instruct the jury, and among other instructions not objected to, instructed them as follows: " That the plaintiff, to maintain this case, must show that he was in the exercise of due care, and must also show that the defendant was guilty of negligence; and that the accident was due to its negli-

gence alone, and that he in no wise contributed to it; that tho jury upon the question of due care on the part of the plaintiff, will consider the evidence in relation to his passing to the right of the preceding carriage, and whether or not the attempt to pass on that side is evidence of the want of due care; but in determining that question for the purposes of this case, the statute alluded to and read is immaterial, and the question is to be determined as if no such statute existed."

The jury found for the plaintiff; and the defendant alleged exceptions.

*P. E. Tucker*, (*B. W. Harris* with him,) for the defendant.

*J. D. Long*, for the plaintiff.

GRAY, C. J. The question at issue in this case was whether the injury to the plaintiff was caused solely by a defect in the highway, and in no part by his own negligence.

The mere fact that he was travelling on the wrong side of the road, in violation of the statute, did not as matter of law defeat this action, if his own fault or negligence did not contribute to the injury. But it was competent evidence of negligence on his part, to be submitted to the jury. *Smith* v. *Gardner*, 11 Gray, 418. *Spofford* v. *Harlow*, 3 Allen, 176. *Jones* v. *Andover*, 10 Allen, 18, 20. *Steele* v. *Burkhardt*, 104 Mass. 59, 61.

The instruction of the learned judge, that the statute was immaterial, and that the case was to be determined as if no such statute existed, was therefore erroneous, in withdrawing from the consideration of the jury an element which, if they had been permitted to consider it, might have had some weight in their determination of the question whether the plaintiff, in attempting to pass the other carriage on the wrong side of the road, used such care as was required of him under the circumstances in which he found himself. *Exceptions sustained.*