JAMES HALL, JR., *vs.* ALPHEUS S. RIPLEY.
ALPHEUS S. RIPLEY *vs.* JAMES HALL, JR.

Suffolk. November 10. — 11, 1875. WELLS & ENDICOTT, JJ., absent.

In an action to recover for injuries caused by the collision of the plaintiff's carriage with that of the defendant, it is a question of fact for the jury whether the plaintiff, in the exercise of ordinary care, could, by stopping or turning out, have avoided the collision, and whether his failure to do so contributed to the injury.

In an action to recover for injuries caused by the collision of the plaintiff's carriage with that of the defendant, the fact that the plaintiff was at the time driving at a rate of speed prohibited by a city ordinance does not, as matter of law, defeat the action, if his own fault or negligence did not contribute to the injury; but it is competent evidence of negligence on his part to be submitted to the jury.

Two ACTIONS OF TORT for injuries caused by the collision of the carriages of the respective parties on Beacon Street in Boston. At the trial in the Superior Court, before *Putnam*, J., it appeared from the evidence of both parties that the collision took place between eight and nine o'clock in the evening of July 7, 1873, and that the part of Beacon Street where the collision occurred was about fifty feet wide between the sidewalks.

The evidence offered by Hall tended to show that he was driving into the city on the right hand side of the road, within a few feet of the edgestone; that immediately before the collision he saw Ripley coming in the opposite direction, and driving in an irregular and careless manner; that at a moment before the collision Ripley deviated from his course, driving obliquely towards Hall; and that, though Hall uttered a cry of warning, and turned and drove as far to the right as was possible, the collision occurred by Ripley's driving out of his course unnecessarily. Hall also offered evidence tending to show that the street was free from passing vehicles; that the evening was clear, the moon was nearly full, and the light was such that objects could be easily seen at a considerable distance.

Ripley offered evidence tending to show that he was driving out from Boston, and that Hall, coming in an opposite direction, was driving at a high rate of speed, some fifteen or eighteen miles an hour, and racing with other parties, and that this was the cause, or one of the causes, of the collision.

Hall admitted in testimony that he was driving at the rate of eight or nine miles an hour, and that when he saw Ripley at a distance of seventy-five or eighty feet and coming towards him, and apprehended a collision, he did not stop or turn to the left, but drove as near as he could to the right hand sidewalk, and when asked why he did not stop or turn to the left to avoid the danger, he answered, "I do not know why I did not." The ordinance of the city of Boston, which prohibited, under a penalty, driving at a rate faster than six miles an hour in any street of the city, was put in evidence.

Ripley testified that, in turning to the left to pass a hack driving in the same direction with him, he was unable to see Hall in season to avoid a collision; and his counsel requested the judge to rule "that if Hall saw Ripley before the collision, at the distance of seventy-five to eighty feet, coming towards him, and that Hall then saw there was danger of a collision if he kept on, it was his duty to stop or turn to the left to avoid a collision, and if he did not do so and collision or damage occurred in consequence, he cannot recover; but the judge refused so to rule, but instructed the jury that it was for them to say whether, in the exercise of ordinary care, Hall ought to have stopped or turned; and if, in their judgment, it was his duty to have done so, and by such stopping or turning he might have avoided the collision, he could not recover."

The counsel of Ripley also asked the judge to rule that if, at time of the collision, Hall was racing and driving at a rate of speed prohibited by the ordinance, he could not recover for injuries resulting from such collision. But the judge declined so to rule, and instructed the jury that such violation of the ordinance would not, of itself, prevent a recovery by Hall; that if it was one of the causes of the collision, it would prevent a recovery by Hall.

Proper instructions were given to the jury by the judge as to what constituted due care, and upon other points, to which no exceptions were taken. The jury returned a verdict for Hall in both the actions; and Ripley alleged exceptions to the refusal of the judge to give the foregoing instructions as requested, and to the instructions given in place thereof.

*J. B. Richardson*, for Ripley.

*A. Russ*, for Hall, was not called upon.

By THE COURT. These cases were rightly submitted to the jury, and with apt and sufficient instructions. *Damon* v. *Scituate, ante,* 66, and cases cited. *Exceptions overruled.*