MICHAEL HANLON *vs.* SOUTH BOSTON HORSE RAILROAD COMPANY.

Suffolk. Nov. 12, 1879. — Sept. 8, 1880. MORTON & SOULE, JJ., absent.

In an action against a street railway corporation, a declaration alleging that the plaintiff was injured by a car of the defendant being carelessly driven upon and over him, is not supported by proof that the plaintiff was injured by another car, not carelessly driven, in attempting to escape from a car which was carelessly driven.

In an action against a street railway corporation, for an injury caused by a car being carelessly driven upon and over the plaintiff, the fact that, at the time of the injury, the car was being driven at a rate of speed prohibited by a city ordinance, although evidence of negligence on the part of the corporation, is not conclusive evidence of such negligence.

COLT, J. The plaintiff in his declaration alleges that he was injured by a car of the defendant company, which was carelessly driven upon and over him. The case appears to have been tried upon this allegation. But in the closing argument, it was first contended in behalf of the plaintiff that, if a car on one of the double tracks of the defendant's railway was carelessly driven towards him, and to escape from it he ran upon the other track in front of another car, by which he was struck and injured, he could recover, although there was no negligence on the part of the driver of the last-named car. The judge properly refused to rule in accordance with this claim, on the ground that the point was not open to the plaintiff under his declaration. This refusal was notice at a proper stage of the case, and before it was committed to the jury, that the declaration must be amended if the plaintiff relied for a recovery on such a state of facts. No amendment, however, was asked for, and the case went to the jury upon the allegation that the plaintiff was struck by the car which was carelessly driven upon him, and not by another car, running in a different direction on another track. The defendant has a right to rely on the declaration as stating the true cause of the injury complained of, and evidence of an injury received in the way suggested would show a clear variance between the pleading and the proof. The averment of the declaration is not supported by proof that the plaintiff was injured by another car in attempting to escape

from a car carelessly driven. *Lund* v. *Tyngsboro*, 11 Cush. 563.

There was evidence that the car which struck the plaintiff was driven at a speed prohibited by an ordinance of the city. The judge was asked to rule that, "if the defendant was driving at a rate of speed prohibited by the ordinance of the city of Boston, and this speed contributed to the injury, this fact would itself constitute negligence on the part of the defendant, and would entitle the plaintiff to recover if he was in the exercise of due care." This was refused, and the jury were told that, if they were satisfied that the rate of speed exceeded that allowed by the city ordinance, such violation of the ordinance would be evidence, but not conclusive evidence, of negligence.

Upon the case as presented by this bill of exceptions, we cannot say that the plaintiff was entitled, as matter of law, to the instructions requested. It is for the excepting party to make it appear that he has been prejudiced. The mere fact that the car was driven at a rate of speed forbidden by the city ordinance would not be conclusive proof of negligence. The speed complained of, for all that appears, may have occurred without the fault of the driver, or may have been justified by some reasonable necessity authorizing the jury to find that there was no negligence or misconduct in the defendant's servants. It is not true that if an unlawful rate of speed contributed to the injury, that alone would give the plaintiff a right to recover, if he was without fault. The instructions given were sufficiently favorable to the plaintiff. See *Hall* v. *Ripley*, 119 Mass. 135; *Lane* v. *Atlantic Works*, 111 Mass. 136; *Wright* v. *Malden & Melrose Railroad*, 4 Allen, 283.

*Exceptions overruled.*

*J. A. Maxwell*, for the plaintiff.
*J. G. Abbott*, (*H. E. Bolles* with him,) for the defendant.