BENJAMIN B. NEWCOMB *vs.* BOSTON PROTECTIVE DEPARTMENT.

Suffolk. January 25, 1888. — May 4, 1888.

Present: MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Violation of Ordinance — Contributory Negligence — Evidence.*

The fact that a person is injured while violating a city ordinance, through another's negligence, will not defeat his right to recover, unless his unlawful act was a contributing cause of the injury.

Such unlawful act, if it directly contributed to the injury, is a conclusive bar to such recovery, and not merely evidence of contributory negligence.

The St. of 1874, c. 61, § 3, in giving the Boston Protective Department the "right of way while going to a fire," does not relieve it from liability for an injury, caused by its negligence, to a person who is in the exercise of due care, and whose unlawful act does not contribute to the injury.

TORT for personal injuries occasioned to the plaintiff, a cab-driver, by a collision between the cab and a wagon of the defendant.

At the trial in the Superior Court, before *Blodgett*, J., evidence was introduced tending to show that the defendant was incorporated under the St. of 1874, c. 61,[*] for the protection of life

---

[*] Section 3 of this statute is as follows:

"The officers and men of the Boston Protective Department, with their teams and apparatus, shall have the right of way, while going to a fire, through any street, lane, or alley in the city of Boston, subject to such rules

and property at fires in the city of Boston, and that the collision occurred while one of its wagons, with its regular complement of men, was responding to a fire alarm ; that the wagon was proceeding along Washington Street in a northerly direction ; that the cab, upon which the plaintiff was sitting, was one of several cabs standing in a line upon the easterly side of Washington Street between the easterly track of a street railway and the curbstone ; that the plaintiff's cab and horse were not drawn up lengthwise of the street and as near as possible to the curbstone, but that the horse was facing the sidewalk at an angle so that the body of the cab projected eighteen or twenty inches into the street beyond the line of the other cabs; and that the wagon of the defendant was driven negligently into the cab, causing the accident.

The defendant asked the judge to instruct the jury as follows :

" 1. If the plaintiff, at the time of the accident, was violating the ordinance of the city of Boston, to wit, ' Every owner, driver, or other person having the care and ordering of a vehicle shall, when stopping in a street, place his vehicle and the horse or horses connected therewith lengthwise with the street, as near as possible to the sidewalk,' that was an unlawful act, and he cannot recover in this action.    2. If that unlawful act contributed to cause the alleged injury, the plaintiff was not in the exercise of due care, and therefore he cannot maintain this action.    3. Under section 3, chapter 61, of the Acts of 1874, ' The officers and men of the Boston Protective Department, with their teams and apparatus, shall have the right of way, while going to a fire, through any street, lane, or alley in the city of Boston,' said defendant is not liable for an accident caused by the collision of one of its teams, while going to a fire, with a vehicle standing in the streets, in violation of either of the city ordinances.    4. If the plaintiff, at the time of the action, was violating the ordinance of the city of Boston, to wit, ' Every

and regulations as the city council and the fire commissioners may prescribe, and subject also to the rights of the Boston Fire Department; and any violation of the street rights of the Boston Protective Department shall be punished in the same manner as is provided for the punishment of violations of the rights of the Boston Fire Department in chapter three hundred and seventy-four of the acts of eighteen hundred and seventy-three."

driver of a vehicle shall remain near it while it is unemployed or standing in a street, unless he is necessarily absent in the course of his duty and business, and he shall so keep his horse or horses and vehicle as not to obstruct the streets,' that was an unlawful act, and he cannot recover in this action.  5. If that unlawful act contributed to cause the alleged injury, the plaintiff was not in the exercise of due care, and therefore he cannot maintain this action."

The judge refused to give these instructions, but instructed the jury as to the effect of a violation of the ordinance as to the position of a vehicle and horse while standing in a street, stating that the rule was applicable to both ordinances, as follows:

"Bearing in mind the provision of the regulation as to the position of a vehicle when not in motion, I instruct you as to the law, that if, at the time of the injury to the plaintiff, he allowed his carriage to stand in the street in violation of this ordinance, such violation is evidence of negligence on his part; and, if such negligence directly contributed to the injury, the plaintiff cannot maintain the action.  It cannot be said, as matter of law, that the fact that the plaintiff was violating a city ordinance necessarily shows negligence that contributed to the injury.  Whether the position of the plaintiff's horse and carriage, in violation of an ordinance, did or did not contribute to the injury, is a question of fact for the jury; and in determining this question, the jury will take into consideration all the surrounding facts and circumstances. . . . . The plaintiff must prove that his position was not so carelessly taken as to contribute to the collision ; and the fact that his position was in violation of the ordinance is not conclusive proof of negligence which contributed to the injury.  Or, stating the general rule in a somewhat different form, the fact that the plaintiff is engaged in violating the law does not prevent him from recovering damages of the defendant for an injury which the defendant could have avoided by the exercise of ordinary care, unless the unlawful act contributed proximately to produce the injury. . . . . If, applying these rules, you are of the opinion that there was no negligence, in other words, no carelessness, on the part of the plaintiff, which directly contributed to the injury, then the plaintiff is entitled to maintain this action, if he proves

another proposition; and as to that, the burden is upon him. And that proposition is, that the defendant's servants, in the care and management of this wagon, at the time the plaintiff was injured, were negligent."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*R. M. Morse, Jr.*, for the defendant.

*W. Gaston & C. L. B. Whitney*, for the plaintiff.

KNOWLTON, J.   The plaintiff brought his action to recover for injuries received while sitting upon his cab, from the negligent driving of a wagon against it by a servant of the defendant corporation.   There was evidence tending to show that, at the time of the accident, he was violating an ordinance of the city of Boston, by waiting in a street without placing his vehicle and horse lengthwise with the street, as near as possible to the sidewalk, and that this illegal conduct contributed to the injury. There was evidence applicable in like manner to another similar ordinance, which requires every driver of a vehicle standing in a street so to keep his horse or horses and vehicle as not to obstruct the streets.

As to the alleged violation of each of these ordinances, the defendant asked the court to instruct the jury as follows: "If that unlawful act contributed to cause the alleged injury, the plaintiff was not in the exercise of due care, and therefore he cannot maintain this action."   The presiding judge declined to give this instruction, and gave none which we deem to be equivalent to it.   He instructed the jury in these words: "If, at the time of the injury to the plaintiff, he allowed his carriage to stand in the street in violation of this ordinance, such violation is evidence of negligence on his part; and, if such negligence directly contributed to the injury, the plaintiff cannot maintain the action.   It cannot be said, as matter of law, that the fact that the plaintiff was violating a city ordinance necessarily shows negligence that contributed to the injury."   In another part of the charge it was indirectly intimated that, if the plaintiff's unlawful act contributed proximately to produce the injury, he could not recover, but it was nowhere expressly stated.

The question before us then is, whether or not the defendant was entitled to this instruction, — in other words, whether, if

the plaintiff's unlawful act contributed to cause his injury, it was a bar to his recovery, or merely evidence of negligence which might or might not bar him, according to the view which the jury should take of his conduct as a whole, in its relation to the accident.

It has often been held that a violation of law at the time of an accident, by one connected with it, is evidence of his negligence, but not conclusive. *Hanlon* v. *South Boston Horse Railroad*, 129 Mass. 310. *Hall* v. *Ripley*, 119 Mass. 135. *Damon* v. *Scituate*, 119 Mass. 66. In recent times a large number of penal statutes have been enacted, in which the Legislature has seen fit to punish acts which are not *mala in se*, and sometimes when in a given case there is no actual criminal intent. On grounds of public policy, laws have been passed under which a person is bound to know the facts in regard to the subject with which he is dealing, when under possible circumstances ignorance would not be inconsistent with proper care. One who sells milk must know that it is not adulterated. An unlicensed person must know that what he sells is not intoxicating liquor. *Commonwealth* v. *Boynton*, 2 Allen, 160. And if in a possible case he trespasses in innocent ignorance, the law gives him no relief. He can only appeal to the sense of justice and the discretion of the public authorities to save him from the punishment which the law would inflict. It is obvious that in suits for negligence, if the contributing conduct of the plaintiff is to be considered as a whole, it may sometimes be found that he has not been guilty of actual negligence or fault, although he has violated the law. One element of his action may be neglect of a duty prescribed by a statute, when there are other concurring elements which show that his course was entirely justifiable.

As a general rule, in deciding a question in relation to negligence, each element which enters as a factor into one's act to give it character is to be considered in connection with every other, and the result is reached by considering all together. But, for reasons which will presently appear, illegal conduct of a plaintiff directly contributing to the occurrence on which his action is founded, is an exception to this rule. Such illegality may be viewed in either of two aspects: looking at the trans-

action to which it pertains as a whole, it may be considered as a circumstance bearing upon the question whether there was actual negligence ; or looking at it simply in reference to the violated law, the act may be tried solely by the test of that law. In the latter aspect it wears a hostile garb, and an inquiry is at once suggested, whether the plaintiff, as a transgressor of the law, is in a position to obtain relief at the hand of the law.    In the first view, the illegal conduct comes within the general rule just stated ; in the second, it does not.    This distinction has not always been observed.    A plaintiff's violation of law has usually been discussed in connection with the subject of due care.

In *Bosworth* v. *Swansey*, 10 Met. 363, Chief Justice Shaw, after referring to the rule that a plaintiff must be free from "imputation of negligence or fault," says, in reference to unlawful travelling on the Lord's day, " This would be a species of fault on his part, which would bring him within the principle of the cases cited."

In *Jones* v. *Andover*, 10 Allen, 18, Chief Justice Bigelow says, " The term ' due care,' as usually understood in cases where the gist of the action is the negligence of the defendant, implies not only that a party has not been negligent or careless, but that he has been guilty of no violation of law in relation to the subject matter or transaction which constitutes the cause of action."

In *Steele* v. *Burkhardt*, 104 Mass. 59, an action for negligence in driving against the plaintiffs' horse, which was left standing in a street in violation of an ordinance, Chief Justice Chapman considers the general subject of the plaintiffs' due care, and then treats particularly the contention of the defendant that the plaintiffs were compelled to prove their violation of law in order to establish their case.

*McGrath* v. *Merwin*, 112 Mass. 467, was an action founded on the defendant's alleged negligence in starting the machinery of a mill, while the plaintiff was at work in the wheel-pit making repairs on the Lord's day, and Mr. Justice Morton, in delivering the opinion, deals with the case solely upon the principle that courts will not aid a plaintiff whose action is founded upon his own illegal act, and says, " The decisions in this Commonwealth are numerous and uniform to the effect that the plaintiff, being engaged in a violation of law, cannot recover, if his own

illegal act was an essential element of his case as disclosed upon all the evidence." He further states the rule in such cases to be, that, " if the illegal act of the plaintiff contributed to his injury, he cannot recover; but though the plaintiff at the time of the injury was acting·in violation of law, if his illegal act did not contribute to the injury, but was independent of it, he is not precluded thereby from recovering."

In *Davis* v. *Guarnieri*, 45 Ohio St. 470, Owen, C. J. states, as the second of three considerations upon which the doctrine of contributory negligence is founded, " the principle which requires every suitor who seeks to enforce his rights or redress his wrongs to go into court with clean hands, and which will not permit him to recover for his own wrong."

No case has been brought to our attention, and upon careful investigation we have found none, in which a plaintiff whose violation of law contributed directly and proximately to cause him an injury has been permitted to recover for it; and the decisions are numerous to the contrary. *Hall* v. *Ripley*, 119 Mass. 135. *Banks* v. *Highland Street Railway*, 136 Mass. 485. *Tuttle* v. *Lawrence*, 119 Mass. 276, 278. *Lyons* v. *Desotelle*, 124 Mass. 387. *Heland* v. *Lowell*, 3 Allen, 407. *Steele* v. *Burkhardt*, 104 Mass. 59. *Damon* v. *Scituate*, 119 Mass. 66. *Marble* v. *Ross*, 124 Mass. 44. *Smith* v. *Boston & Maine Railroad*, 120 Mass. 490. And it is quite immaterial whether or not a plaintiff's unlawful act contributing to his injury is negligent or wrong when considered in all its relations. He is precluded from recovering, on the ground that the court will not lend its aid to one whose violation of law is the foundation of his claim. *Hall* v. *Corcoran*, 107 Mass. 251.

While this principle is universally recognized, there is great practical difficulty in applying it. The best minds often differ upon the question whether, in a given case, illegal conduct of a plaintiff was a direct and proximate cause contributing with others to his injury, or was a mere condition of it; or, to state the question in another way, appropriate to the reason of the rule, whether or not his own illegal act is an essential element of his case as disclosed upon all the evidence. Upon this point it is not easy to reconcile the cases. It has been unanimously decided that in *Gregg* v. *Wyman*, 4 Cush. 322, there was error

in holding a plaintiff's illegal conduct to be an essential element of his case, when in fact it was merely incidental to it.   *Hall* v. *Corcoran, ubi supra.*   But whatever criticisms may have been made upon the decisions or the assumptions in certain cases, that illegal action of a plaintiff contributed to the result, or was to be treated as a concurring cause, or upon language in disregard of the distinction between a cause and a condition, there has been none upon the doctrine that, when a plaintiff's illegal conduct does directly contribute to his injury, it is fatal to his recovery of damages.   *Baker* v. *Portland,* 58 Maine, 199.   *Norris* v. *Litchfield,* 35 N. H. 271.   *Sutton* v. *Wauwatosa,* 29 Wis. 21.

The plaintiff relies with great confidence upon the case of *Hanlon* v. *South Boston Horse Railroad,* 129 Mass. 310, in which the presiding judge at the trial refused to rule, that, "if the defendant was driving at a rate of speed prohibited by the ordinance of the city of Boston, and this speed contributed to the injury, this fact would itself constitute negligence on the part of the defendant, and would entitle the plaintiff to recover if he was in the exercise of due care," and his refusal was held right by this court.   In giving the opinion, after pointing out that driving at a rate of speed forbidden by the ordinance might have occurred without fault of the driver, and might have been justified by circumstances authorizing the jury to find that there was no negligence, Mr. Justice Colt said, "It is not true that, if an unlawful rate of speed contributed to the injury, that alone would give the plaintiff a right to recover, if he was without fault."   There are intimations, without adjudication, to the same effect, in *Wright* v. *Malden & Melrose Railroad,* 4 Allen, 283, and in *Lane* v. *Atlantic Works,* 111 Mass. 136.   See also *Kirby* v. *Boylston Market Association,* 14 Gray, 249 ; *Heeney* v. *Sprague,* 11 R. I. 456 ; *Brown* v. *Buffalo & State Line Railroad,* 22 N. Y. 191; *Flynn* v. *Canton Co.* 40 Md. 312.

But there is nothing in the language used in *Hanlon* v. *South Boston Horse Railroad* inconsistent with the principle which we have already stated.   That decision related to the liability of a defendant.   It may be, where a penal statute does not purport to create a civil liability, or to protect the rights of particular persons, that a violation of it will not subject the violator to an action for damages, unless his act, when viewed in connection

with all the attendant circumstances, appears to be negligent or wrongful. And at the same time courts may well hold that, in the sanctuary of the law, a violator of law imploring relief from the consequences of his own transgression will receive no favor.

The instruction requested in the case at bar would have become applicable only upon a finding by the jury that the plaintiff's unlawful act contributed to cause the injury. The jury may have so found; and we are of opinion that upon such a finding, irrespective of the question whether viewed in all its aspects his act was negligent or not, the court could not properly permit him to recover. The instruction, therefore, should have been given.

The court rightly refused the instruction requested, that the plaintiff could not recover if at the time of the accident he was violating the ordinance, and so doing an unlawful act. This request ignored the distinction between illegality which is a cause, and illegality which is a condition of a transaction relied on by a plaintiff, or between that which is an essential element of his case when all the facts appear, and that which is no part of it, but only an attendant circumstance. The position of a vehicle, which has been struck by another, may or may not have been one of the causes of the striking. Of course it could not have been struck if it had not been in the place where the blow came. But this is a statement of an essential condition, and not of a cause of the impact. The distinction is between that which directly and proximately produces, or helps to produce, a result as an efficient cause, and that which is a necessary condition or attendant circumstance of it. If the position of the plaintiff's vehicle was such as, in connection with ordinary and usual concurring causes, would naturally produce such an accident, that indicates that it contributed to it. But, even in that case, external causes may have been so exclusive in their operation, and so free from any relation to the position of the vehicle, as to have left that a mere condition, without agency in producing the result. What is a contributing cause of an accident is usually a question for a jury, to be determined by the facts of the particular case; and such it has been held to be in many cases like the one before us. *Damon* v. *Scituate*, 119 Mass. 66. *Hall* v. *Ripley*, 119 Mass. 135. *Welch* v. *Wesson*, 6 Gray, 505.

*Spofford* v. *Harlow*, 3 Allen, 176. *White* v. *Lang*, 128 Mass. 598. *Baker* v. *Portland*, 58 Maine, 199. *Norris* v. *Litchfield*, 35 N. H. 271. *Sutton* v. *Wauwatosa*, 29 Wis. 21.

The defendant's third request for an instruction was rightly refused, for reasons which have already been stated. The statute referred to does not relieve the defendant from liability for negligence to a plaintiff whose unlawful act or want of due care does not contribute to his injury. In the opinion of a majority of the court the entry must be *Exceptions sustained.*