## Chesapeake & Ohio Railway Company v. Kennard's Administrator.

(Decided November 29, 1927.)

### Appeal from Johnson Circuit Court.

1. Railroads.—In action against railroad for death of plaintiff's decedent, killed while crossing railroad tracks at public crossing, evidence held insufficient to show as matter of law that decedent was guilty of contributory negligence either in not ascertaining

approach of train or in voluntarily walking in front of train after he discovered its approach.

2.    Railroads.—In suit for wrongful death, failure to stop, look, and listen in crossing railroad tracks is not in itself per se negligence.

3.    Railroads.—In suit against railroad for wrongful death of plaintiff's decedent, struck by train while crossing railroad tracks, refusal of requested instruction to find for railroad if deceased knew of approach of train in attempting to cross tracks, though railroad employees were negligent, presenting chief defense of railroad, held reversible error.

4.    Railroads.—In suit against railroad for wrongful death of plaintiff's decedent, struck by train while crossing railroad tracks, evidence of speed of train should be omitted where railroad crossing was in country and not extraordinarily dangerous.

5.    Appeal and Error.—In suit for death of decedent killed by train at crossing, instruction requiring lookout duty by enginemen on approaching crossing, not charged in petition alleging specific acts of negligence, held not prejudicial, where evidence in reference to such breach of duty was fully developed on both sides.

6.    Railroads.—In suit against railroad for death of decedent at crossing, evidence of failure to keep lookout on approaching crossing, not charged in petition alleging specific acts of negligence, should not be admitted unless petition is amended to charge such breach of duty.

BROWNING & REED and KIRK, KIRK & WELLS for appellant.

WHEELER & WHEELER for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

While crossing the tracks of the Chesapeake & Ohio Railroad Company on a public highway at the station of Threlkeld, John M. Kennard was struck and killed by a passing engine. In a suit for his wrongful death the administrator of Kennard's estate recovered judgment against the railroad company for $2,500. The railroad company appeals and for reversal urges: (1) That it was entitled to a directed verdict in its favor; (2) that the instructions given were erroneous.

The facts are these: Threlkeld is three-fourths of a mile north of Paintsville. The railroad is double-tracked and extends north and south on the east bank of the Big Sandy river. The south-bound trains run on the western track and the north-bound on the eastern track. South of the public crossing the tracks curve sharply to the east, and at the time of the injury the river banks were covered with timber, so that one approaching the tracks

from the west could not see an approaching north-bound train until he neared the tracks, and then for a distance as variously estimated from 300 to 700 feet. Decedent's son had a storehouse at the intersection of the railroad right of way with the public road to the east of the railway and north of the road, with a platform at the front end facing south. Opposite to this on the south of the road was another small building. The station was located on the east of the right of way and about 120 feet south of the crossing. The accident occurred late in the afternoon of the 6th of April, 1926. Deceased was 67 years of age, weighed about 300 pounds, and was somewhat cumbersome in his movements. He had been building a boat and upon quitting work came up the road from the west of the right of way. At the time a heavy freight engine and four cars were approaching the crossing from the south on the eastern main. He was apparently unaware of this and pursued his course over the crossing, and as he reached a point near midway between the two mains, a gentleman on the store platform discovered his peril and shouted to him. This witness testifies that his attention had been attracted by the rumble of the train, which he is positive gave no signals either by whistle or bell. His view to the south was obstructed by a building on the opposite side of the road, and he could not see the train but knew it was in close proximity. Upon looking up he saw Mr. Kennard approaching. He was then about midway between the two mains, but closer to the east-bound main and in a position of danger, if he had remained where he was. He was "looking kindly down the track;" but witness could not tell whether he knew of the train's approach. He shouted to him, and he hesitated "for a thought," glanced down the track, and came on, and as he passed over the last rail the engine struck him, knocking his body 60 feet and killing him almost instantly. The alarm signals were sounded just as the train struck him. This witness is corroborated in the main details by several others.

The engineer testifies: That he gave the customary road-crossing signals about 1,000 feet south. That he was riding on the right side of the engine and observing a lookout duty, but could not see around the curve. He did not see Kennard at all until his body was thrown to the right of the engine in front of him; that about 200

feet from the crossing his fireman called to him to give the alarm signal, which he did. He also states that the bell was ringing automatically during the entire time. The fireman testifies: That the customary road-crossing signals were given 1,000 feet below the crossing. That he was on the left of the engine, on the proper side, and keeping a lookout upon the tracks. That at a distance of 700 feet he saw a man approaching the tracks from the west. That this man looked down and saw the engine and stopped at the west-bound main. That he started again, and when the engine was within 200 feet of him, he told the engineer to sound the alarm signal, which he did, and just before he reached him the man stopped for awhile and then ran right in front of the engine; and there is other evidence tending to show that deceased observed the train and undertook to cross in front of it.

From these facts it is strongly argued that deceased was guilty of contributory negligence as a matter of law, either in not ascertaining the approach of the train or in voluntarily walking in front of it after he had discovered its approach. While there is ground for this conclusion we cannot so say as a matter of law. We have often held that a failure to stop, look and listen is not per se negligence. If deceased was unaware of the approach of the train and relied on the statutory signals and his sense of hearing, and such signals were not given, it would be for the jury to say whether his failure otherwise to ascertain the approach of the train before going upon the tracks constituted contributory negligence. Again, if the enginemen, failed to give proper signals, and if in reliance upon such signals and without other notice of the train's approach deceased walked upon the tracks and was thereby placed in sudden peril and in the confusion incident to learning of his danger was unable to determine whether it was safer to back away than to go forward, and thus chose the wrong alternative, the court could not say that this was contributory negligence as a matter of law even though he might have retired to a place of safety after being warned of his danger. L. & N. R. R. Co. v. Taylors' Adm'r, 104 S. W. 776, 31 Ky. Law Rep. 1142; Chesapeake & O. R. Co. v. Hoskins, 164 Ky. 580, 176 S. W. 29; Louisville & N. R. Co. v. McNary, 128 Ky. 420, 108 S. W. 898, 32 Ky. Law Rep. 1266, 17 L. R. A. (N. S.) 224, 129

Am. St. Rep. 308; I. C. R. Co. v. Hays (Ky.) 128 S. W. 289; L. & N. R. R. Co. v. Cook (Ky.) 128 S. W. 83; Chesapeake & O. R. Co. v. Dawson, 159 Ky. 300, 167 S. W. 125; L. & N. R. R. Co. v. Price, 76 S. W. 836, 25 Ky. Law Rep. 1033; L. H. & St. L. Ry. Co. v. Sanders, 92 S. W. 937, 29 Ky. Law Rep. 212; Smith's Adm'r v. C. N. O. & T. P. R. Co., 146 Ky. 568, 142 S. W. 1047, 41 L. R. A. (N. S.) 193.

The following instruction offered by appellant was refused by the court:

"The court further instructs the jury that if they believe from the evidence that the decedent, John Kennard, when he attempted to cross the tracks of defendant company, knew of the approach of the train described in the proof, and was injured and killed in attempting to cross ahead of said train, then the law is for the defendant, and the jury will so find, even though they may believe from the evidence that the defendant company and its employees were negligent as set out in instruction No. 1."

Aside from a denial of negligence on its part, this was the chief defense of appellant, and the court erred in not submitting it to the jury. For this reason the case must be reversed, and on another trial an instruction will be given as written. Also, the concrete instruction No. B on contributory negligence offered by appellant is preferable to the one (No. 4) given by the court. Much evidence was introduced on both sides as to the speed of the train. In view of the fact that this is a country crossing and not extraordinarily dangerous, this evidence will be omitted and not included in the instruction on another trial. Louisville & N. R. Co. v. Molloy's Adm'r, 122 Ky. 219, 91 S. W. 685, 28 Ky. Law Rep. 1113; Piersall's Adm'r v. C. & O. R. Co., 180 Ky. 659, 203 S.. W. 551; Milner's Adm'r v. Evansville R. Co., 188 Ky. 14, 221 S. W. 207; L. & N. R. R. Co. v. Locker's Adm'r, 182 Ky. 578, 206 S. W. 780; Louisville & N. R. Co. v. Cummin's Adm'r, 111 Ky. 333, 63 S. W. 594, 23. Ky. Law Rep. 681.

Complaint is also made that the court in its instruction required a lookout duty upon the part of the enginemen on approaching the crossing. The petition charged specific acts of negligence and did not charge a breach of this duty, but the evidence was fully developed

on both sides in reference to it, and it could not have prejudiced appellant on this trial. However, unless the petition is amended in this particular this evidence, if objected to, should not be admitted on another trial.

Wherefore the judgment is reversed and cause remanded for proceedings consistent with this opinion.