## Land v. C. N. O. & T. P. Railway Company.

(Decided November 20, 1928.)

### Appeal from Jessamine Circuit Court.

Railroads.—In action to recover for personal injuries and destruction of automobile struck by train at railroad crossing, held, that railroads are not required to give other danger signals at crossings than provided for by statute, notwithstanding that statute was enacted prior to time automobiles came into use.

FRANKLIN, TALBOTT & CHAPMAN and W. E. DARRAGH for appellant.

HUNT, NORTHCUTT & BUSH and N. L. BRONAUGH for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellant filed his suit in the Jessamine circuit court to recover damages for personal injuries and for the destruction of his automobile as the result of an accident which occurred at Brannon Station in Jessamine county on the 30th day of January, 1927. A trial of his case in the Jessamine circuit court resulted in a verdict against him. The accident occurred as he was crossing the railroad's tracks at this point, and the ground on which he relied for recovery was that appellees in approaching the crossing failed to give proper and necessary signals. The question was submitted to the jury as to whether the signals were or were not, given as is required by the statute. Appellant is making no complaint about the verdict of the jury on the instructions given, but he says the court should have given an instruction

offered by him to the effect that if the crossing was one of unusual danger other signals than those provided by statute should have been given.

We may go one step further in the simplification of the question involved on this appeal. Counsel for appellant, with fairness and frankness which do them credit, admit that under the opinions of this court rendered in the days when people were using horse-drawn vehicles, it might have been held that the signals given on the occasion of this accident were sufficient. A discussion of the elements required to constitute a dangerous crossing is found in the cases of L. & N. R. Co. v. Treanor's Adm'r, 179 Ky. 337, 200 S. W. 634; Piersall's Adm'r v. C. & O. Ry. Co., 180 Ky. 659, 203 S. W. 551; Milner's Adm'r v. Evansville Ry. Co., 188 Ky. 14, 221 S. W. 207; C. & O. Ry. Co. v. Kennard's Adm'r, 222 Ky. 115, 300 S. W. 335. A comparison of the facts in the instant case with the facts in those cases would serve no useful purpose, as counsel for appellant insist that the old rule governing such matters should be modified and modernized. It is insisted that the rights of the traveling public about railroad crossings have been enlarged by reason of the changes brought about in methods of travel. That changes have been brought about in methods of travel during the past few years cannot be questioned. It appears to the court, however, that the question of signals at crossings, such as the one at which the accident occurred, is one prescribed and defined by statute. If the General Assembly should be convinced that the method or manner of signaling for crossings should be changed, it is not without power to enact such laws in relation thereto as may to it seem fit.

It is insisted, however, that the same evidence which might have been insufficient in the old days to constitute proof that a crossing was dangerous may now be proof of that fact, and that this court should take such matters into consideration and hold that it requires less evidence now to establish that a crossing is unusually dangerous than it did when locomotion was different. The court perceives no sound reason for adopting the views so well and vigorously urged by counsel for appellant. The railroads existed, and the crossings also, before the horse and buggy days faded into the past with other dimly remembered things, and we are not convinced that any facts have been shown in this case which would justify

this court in modifying the principles governing such matters. It is to be very much doubted whether a man driving in an automobile approaching a railroad crossing is deserving of more care and consideration at the hands of the operatives of the railroad trains than the man driving a team of mules or horses. An automobile may be stopped, and it will remain stopped until man himself operates on the mechanism which starts it again. There is no danger of its suddenly veering to the right or to the left, or suddenly lunging forward or running backwards after it has been securely stopped. The man in an automobile, seeing or hearing the signal of an approaching railroad train, has it within his power to protect himself whether the crossing be dangerous or otherwise. It is not so with the man driving a team of mules or horses. Muscle-drawn vehicles are not subject to control with the same ease as those propelled by gasoline, or other similar combustibles.

As the court has reached the conclusion that the principles governing unusually dangerous crossings should not be changed upon the showing before us, and as counsel for appellant concede that he is probably not entitled to relief on this appeal unless such a change is made, there is nothing left as the conclusion but an affirmance.

Judgment affirmed.