LÍNEA BORINQUEN, INC., Plaintiff, Appellant and Appellee, *v.* FAJARDO DEVELOPMENT Co. and AMERICAN RAILROAD COMPANY OF PORTO RICO, Defendants, Appellees and the latter Appellant.

No. 7271. Decided December 23, 1938.

*Susoni & Defendini,* for appellant and appellee. *Mariano Acosta Velarde,* for appellee and appellant. *Jaime Sifre Jr.* and *A. Ortiz Toro,* for the Fajardo Development Co.

MR. JUSTICE WOLF delivered the opinion of the Court.

The appellant, the American Railroad Co. of P.R., bases its motion to reconsider on the fact that the Línea Borinquen Inc. is a public-service corporation, operating by virtue of a certificate of necessity and convenience issued by the Public Service Commission; that a rule of said Commission

requires all motor vehicles subject to its jurisdiction to come to a complete stop within ten feet of every railroad crossing before passing over the same, and hence the plaintiff is precluded from recovery as a matter of law, inasmuch as the violation of said rule of the Public Service Commission constitutes negligence *per se.*

In support of its line of reasoning, the appellant alleges that an order of the Public Service Commission has the same force as a state law; that said orders should be strictly enforced. Appellant also alleges that the cases cited by this Court in its opinion, *García* v. *Am. R.R. Co.,* 45 P.R.R. ——; *López* v. *Am. R.R. Co.,* 50 P.R.R. ——, and *Ruberté* v. *Am. R.R. Co.,* 52 P.R.R. ——, are not applicable to this case, inasmuch as those cases refer to accidents between railroad trains and private motor vehicles not under the jurisdiction of the Public Service Commission and therefore not subject to the rule requiring them to come to a complete stop before entering upon any crossing.

In its findings the District Court held that the Línea Borinquen Inc. had not been guilty of contributory negligence. In affirming the judgment of the District Court we found that there was sufficient evidence to sustain the District Court. Therefore, the only question which remains is whether or not the violation of the order of the Public Service Commission constitutes negligence *per se.*

The general rule as stated in our previous opinion in this case and in the cases of *García, López and Ruberté* v. *Am. R.R. Co., supra,* cited therein, is that the failure to stop, look and listen in crossing railroad tracks is not negligence *per se* but a question to be decided from the facts of the case. See also *Chesapeake & O. Ry. Co.* v. *Kennard's Administrator,* 300 S.W. 335, 222 Ky. 15; *Stevens* v. *Ill. Central Railway Co.,* 6 La. A. 165.

Appellant's contention that the order requiring appellee to come to a complete stop before passing the railway crossing constitutes negilgence *per se* is not sound. We believe

the rule to be that a violation of a statute or ordinance, which does not contribute directly to an injury, does not constitute contributory negligence so as to relieve a person who has been guilty of negligence.

In *Newcomb* v. *Boston Protective Department*, 146 Mass. 596, 4 Am. St. Rep. 354, 16 N.E. 555, defendant requested the following instruction:

"If that unlawful act contributed to cause the alleged injury, the plaintiff was not is exercise of due care and therefore cannot maintain this action."

The Court, in deciding the question, held as follows:

". . . . The instruction requested in the case at bar would have become applicable only upon a finding by the jury that the plaintiff's unlawful act contributed to cause the injury. The jury may have so found; and we are of opinion that, upon such a finding, irrespective of the question whether, viewed in all its aspects, his act was negligent or not, the court could not properly permit him to recover. The instruction, therefore, should have been given."

In the annotation to the above case (12 A.L.R. 458) we find:

"It should, perhaps, be noted at this point, in connection with the conclusion of the court to the effect that recovery would be absolutely barred, as matter of law, if the plaintiff's unlawful act contributed to cause his injury, that many of the courts which have passed upon the question under annotation seemingly have been satisfied to regard the unlawful act merely as evidence of negligence, to be considered by the jury in connection with the facts as a whole, without going into the question whether or not the unlawful act should be regarded as negligence *per se*. And, continuing, the Massachusetts court in the Newcomb case, in holding that the trial court rightly refused to charge as requested, that the plaintiff could not recover if, at the time of the accident, he was violating the ordinance, and so doing an unlawful act, said: 'This request ignored the distinction between illegality which is a cause, and illegality which is a condition of a transaction relied on by a plaintiff, or between that which is an essential element of his case when all the facts appear, and that which is no part of it, but only

an attendant circumstance. The position of a vehicle, which has been struck by another, may or may not have been one of the causes of the striking. Of course it could not have been struck if it had not been in the place where the blow came. But this is a statement of an essential condition, and not of a cause of the impact. The distinction is between that which directly and proximately produces, or helps to produce, a result as an efficient cause, and that which is a necessary condition or attendant circumstance of it. If the position of the plaintiff's vehicle was such as, in connection with ordinary and usual concurring causes, would naturally produce such an accident, that indicates that it contributed to it. But, even in that case, external causes may have been so exclusive in their operation, and so free from any relation to the position of the vehicle, as to have left that a mere condition, without agency in producing the result. What is a contributing cause of an accident is usually a question for a jury, to be determined by the facts of the particular case; 'and such it has been held to be in many cases like the one before us.' "

Also, in the same note it is said "that the mere concurrence of the violation of the traffic regulation with an accident in point of time does not of itself render the violation a concurring cause of the injury", and "nor does a violation of a traffic ordinance regulating the movement of vehicles preclude recovery on the theory that the plaintiff is obliged to lay the foundation of his action in his own violation of law, in which case such violation would necessarily be a proximate cause; at least where the plaintiff can and does make a case without reference to any violation of law by him. . . . . . .

"And while the violation of a statute or ordinance if proximately causing an injury may be set up as a defense, the statute or ordinance violated must have been enacted for the benefit of the party who seeks to invoke its violation, as distinguished from the public generally or a class to whom the ordinance necessarily applies. . . .

". . . it has been held that violation of a speed law does not preclude a recovery for injuries where the excessive speed is not a direct contributing cause of the injury. . . ."

Therefore, as the action of the Línea Borinquen Inc. in this case does not constitute negligence *per se,* and as the District Court held that there was no contributory negligence on the part of said Línea Borinquen, the motion to reconsider should be denied.

Mr. Chief Justice Del Toro took no part in the decision of this case.