Línea Borinquen, Inc., demandante, apelante y apelada, *v.* Fajardo Development Co. y American Railroad Company of Porto Rico, demandadas, apeladas y apelante la última.

Núm. 7271.—*Resuelto:* Diciembre 23, 1938.

*Susoni & Defendini,* abogados de la apelante y apelada; *Mariano Acosta Velarde,* abogado de la apelada y apelante; *Jaime Sifre, Jr.* y *A. Ortiz Toro,* abogados de la Fajardo Development Co.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

### EN MOCIÓN DE RECONSIDERACIÓN

La apelante, American Railroad Company of Porto Rico, basa su moción de reconsideración en el hecho de que la Línea Borinquen, Inc., es una corporación de servicio público que opera a virtud de un "certificado de necesidad y conveniencia" otorgádole por la Comisión de Servicio Público; que una regla de dicha Comisión exige a todos los vehículos de motor que están sujetos a su jurisdicción que se detengan por completo a diez pies de distancia de todo paso a nivel antes de cruzar el mismo y que en su consecuencia la demandante está impedida de recobrar como cuestión de derecho, toda vez que la violación de la ameritada regla de la Comisión de Servicio Público constituye negligencia per se.

En apoyo de su razonamiento la apelante alega que una orden de la Comisión de Servicio Público tiene fuerza de ley; que tales órdenes deben cumplirse estrictamente. La ape-

lante también alega que los casos citados por este Tribunal en su opinión—*García* v. *American Railroad Co.*, 45 D.P.R. 762; *López* v. *American Railroad Co.*, 50 D.P.R. 1 y *Ruberté* v. *American Railroad Co.*, 52 D.P.R. 164—no son aplicables al presente, toda vez que esos casos se refieren a accidentes ocurridos entre trenes ferroviarios y vehículos privados de motor que no caían bajo la jurisdicción de la Comisión de Servicio Público y que por tanto no estaban sujetos a la regla que dispone que se detengan por completo antes de cruzar cualquier paso a nivel.

En sus conclusiones, la corte de distrito resolvió que la Línea Borinquen, Inc., no había sido culpable de negligencia contribuyente. Al confirmar la sentencia de la corte de distrito resolvimos que había suficiente prueba para sostener a la corte inferior. Por tanto, la única cuestión pendiente es si la infracción de la orden de la Comisión de Servicio Público constituye o no negligencia per se.

La regla general, conforme dijimos en nuestra opinión anterior en este caso y en los casos de *García, López* y *Ruberté* v. *American Railroad Company,* supra, allí citados, es que el dejar de pararse, mirar y oír al cruzar los rieles de un ferrocarril no constituye negligencia per se, sino que es cuestión que debe resolverse de acuerdo con los hechos del caso. Véanse también *Chesapeake & O. Ry. Co.* v. *Kennard's Administrator,* 300 S. W. 335, 222 Ky. 115; *Stevens* v. *Ill. Central Railway Co.,* 6 La. A. 165.

La contención de la apelante al efecto de que la orden que requería a la apelada que se detuviera por completo antes de cruzar el paso a nivel constituye negligencia per se, no es correcta. Creemos que la regla es que la infracción de un estatuto u ordenanza, que no contribuye directamente a un accidente, no constituye negligencia contribuyente en forma tal que exonere a una persona que ha sido culpable de negligencia.

En *Newcomb* v. *Boston Protective Department,* 146 Mass. 596, 4 Am. St. Rep. 354, 16 N. E. 555, la parte demandada solicitó se transmitiera la siguiente instrucción:

"Si ese acto ilegal contribuyó a las supuestas lesiones, el demandante no ejercía el debido cuidado, y, en su consecuencia, no tiene derecho a instruir este recurso."

La corte, al decidir la cuestión, resolvió lo siguiente:

" ' . . . . La instrucción solicitada en este caso hubiera sido aplicable tan sólo al resolver el jurado que el acto ilegal del demandante contribuyó al accidente. El jurado puede así concluir; y somos del criterio que, al llegarse a tal conclusión, independientemente de la cuestión de si, vista desde todos los ángulos, su actuación fué negligente o no, la corte no podía propiamente permitirle que obtuviera indemnización. En su consecuencia, la instrucción debió haberse dado.' "

En la anotación al caso anterior (12 A. L. R. 458) hallamos lo siguiente:

"Sería quizá propicio hacer constar ahora, en lo que respec'a a la conclusión de la corte al efecto de que no hubiera habido en absoluto derecho a indemnización, como cuestión de ley, si el acto ilegal del demandante contribuyó a las lesiones por él recibidas, que muchas de las cortes que han pasado sobre la cuestión que consideramos aparentemente han quedado convencidas al extremo de considerar el acto ilegal meramente como prueba de negligencia a ser considerada por el jurado en relación con los hechos en su totalidad, sin penetrar en la cuestión de si el acto ilegal debe tenerse o no como negligencia per se. Y, continuando, la corte de Massachusetts en el caso de Newcomb, al resolver que la corte inferior acertadamente se negó a dar la instrucción solicitada al efecto de que la parte demandante no podía obtener indemnización si al momento del accidente violaba la ordenanza y, en su consecuencia, realizaba un acto ilegal, dijo: 'Esta solicitud pasa por alto la distinción existente entre la ilegalidad como causa y la ilegalidad como condición de la transacción en que se basa el demandante, o entre aquello que es un elemento esencial de su caso cuando todos los hechos se desprenden y aquello que no forma parte del mismo, sino que es solamente una circunstancia concurrente. La posición de un vehículo que ha sido chocado por otro puede haber sido o no una de las

causas de la colisión. Desde luego, pudo no haber sido chocado de no haber estado en el sitio donde fué golpeado. Mas esto equivale a la aserción de una condición esencial y no de una causa del impacto. La distinción está entre aquello que directa y próximamente produce o contribuye a producir un resultado como causa eficiente y aquello que es una condición necesaria o una circunstancia concurrente del mismo. Si la posición del vehículo del demandante era tal, en relación con las circunstancias ordinarias y concurrentes, que de ordinario produciría el accidente, ello indica que tal posición contribuyó al daño. Más aún en dicho caso las causas externas pueden haber sido tan exclusivas en su alcance y ser tan ajenas a la posición del vehículo que ello equivalga a una mera condición y no haya intervenido en producir el resultado. Cuál es causa que contribuye a un accidente es de ordinario cuestión a resolver por el jurado, de conformidad con los hechos del caso específico; y así se ha resuelto en muchos casos como el que está ante nos.' ''

En la misma nota también se dice: ''que la mera simultaneidad de la infracción de una ordenanza de tránsito y un accidente no hace de por sí que tal infracción sea una causa concurrente del daño'', y que ''tampoco la violación de una ordenanza para reglamentar el tránsito de vehículos impide que se obtenga indemnización en la teoría de que el demandante está obligado a fundar su recurso en su propia violación de la ley, caso en el cual tal violación sería necesariamente una causa próxima; al menos cuando el demandante puede presentar, y presenta, un buen caso, sin tener que referirse a ninguna infracción de la ley por parte suya. . .

''Y aunque la infracción de un estatuto u ordenanza, al ser la causa próxima de un accidente, puede suscitarse como defensa, el estatuto u ordenanza infringidos deben haber sido aprobados en favor de la persona que trata de invocar su violación, a distinción del público en general o de una clase a que necesariamente se aplica la ordenanza. . .

''. . . se ha resuelto que la infracción de una ley para reglamentar la velocidad de vehículos no impide que se obtenga indemnización por las lesiones recibidas cuando la velocidad excesiva no es una causa que contribuye directamente al accidente. . .''

Por tanto, como la actuación de la Línea Borinquen, Inc., en este caso no constituye negligencia per se, y como la corte de distrito resolvió que no hubo negligencia contribuyente por parte de dicha Línea Borinquen, *la moción de reconsideración debe ser declarada sin lugar.*

El Juez Presidente Sr. Del Toro no intervino.