*Southern District*

No. 13221

# WALTER F. LYONS

v.

# HAROLD DUFFY

*Nash, J.* Tort to recover for property damage to the plaintiff's automobile caused by a collision between it and that of the defendant on Route 1 in South Attleboro on February 11, 1951. The answer is a general denial and contributory negligence of the plaintiff. The parties agreed that they were the owners and operator of the automobiles involved; that Route 1 is a public way and a state highway; and that the trial justice could take notice of the Rules and Regulations for Driving on the State Highways, particularly,

Section 1 -"(b) Roadway, that portion of a highway between the regularly-established curb lines or that part, exclusive of shoulders, improved and intended to be used for vehicular traffic."

Section 1 -"(g) 'Parking', the standing of a vehicle, whether occupied or not otherwise than temporarily, for the purpose of and while actually engaged in loading or unloading, or in obedience to an officer or traffic signs or signals, or while making emergency repairs, or, if disabled, while arrangements are being made to move such vehicle."

Section 14 -"PARKING. No person shall park a vehicle in any of the following places, and vehicles found parked in violation of the provisions of this section may be moved by or under the direction of an officer and at the oxpense of the owner to a place where parking is permitted:

"(d) Upon the roadway in a rural or sparsely settled district."

There was evidence that Route 1 in South Attleboro in the vicinity of Red Rock Hill where the collision occurred, has four lanes each about ten feet wide with a macadam surface and a shoulder on the westerly side; that there were no street lights but there was a light near the Red Rock Cabins which were on the westerly side of the road; that there was a curve in the road about one hundred yards north of the Cabins; that at the foot of a hill known as Red Rock Hill is a level space about two hundred yards long and then another hill goes up grade; that it was in this level space southerly of the Rock Hill Cabins that the accident occurred; that the surface of the road was dry; that the plaintiff was driving his automobile southerly on Route 1 at about 8:30 p.m. with his wife and other passengers; that he was in the right hand lane in a line of traffic as he came down Red Rock Hill and around the curve and had passed the cabins when he observed sparks from a car ahead of him; that he drove abreast of this car and learned this car had lost a tire; that the plaintiff's wife got out and went with this driver to look for the tire; that the plaintiff then backed his car twenty to twenty-five feet and stopped, mainly in the right hand lane, but part of his automobile was in the inner right hand lane and south of the Red Rock Cabins; that his lights were on; that he could have driven his car onto the shoulder of the road; that he remained stopped about ten minutes and about thirty cars passed him; that he saw the defendant's car about 150 yards away coming around "the

corner" and that he "kicked his foot brake to flash the lights and tooted the horn"; that he then tried to get his car going but could not; that the defendant's left front fender hit the right rear of his car; that he then moved his car onto the shoulder of the road before the police came; that he saw the police pace off the brake marks made by the defendant's automobile from his automobile a distance of eighteen paces; that this was a rural area and that he knew this area had "a bad reputation for accidents"; that the plaintiff's wife and the driver in search of his lost tire were in the middle of the road when she saw the defendant's car coming at about fifty miles per hour; that the man with whom she was put his arms around her and she felt the draft of the car as the defendant's car passed her; that she was dressed in a dark coat and the man with her had on a camel's hair coat; that this area is a 40 mile zone.

There was also evidence that the defendant was driving southerly and as he came down the hill and around the curve his headlights picked up two people in the middle of the road to his left; that he was then in the inner right lane; that he pulled to the right and passed them; that as he came around the curve he was aware there was a car about 150 feet ahead of him but he did not know it was standing still, but that as he passed the two people in the roadway he realized for the first time that the plaintiff's car was standing still; that he put on his brakes but could not stop and that he struck it in the rear and that as he rounded the curve he was traveling at about 45 miles per hour in a 45 mile per hour zone.

The defendant filed two requests for rulings, the first was given but the second which was denied is as follows:

> "2. Upon all the evidence the Court is required to find that the defendant violated The Rules and Regulations For Driving on the State Highways."

The defendant claiming to be aggrieved by the denial of this request asks for determination of this question by the Appellate Division.

The report states it contains all the evidence material to the questions reported.

The Court found for the plaintiff and made the following findings of fact:

"The Court finds Harold Duffy operated his motor vehicle in a negligent manner. The Court finds Walter F. Lyons without contributory negligence.

"The Court finds the stopping and parking of the Lyons car was a temporary and reasonable incident to travel. Further the parking of the Lyons car is found on the testimony given and accepted as an incident and circumstance but not a cause of the collision."

Violation of a statute, rule or regulation is evidence of negligence on the part of the one violating it as to all consequences that it purposes to prevent. *Wright v. Malden & Melrose Railroad Co.*, 4 Allen 283, 290; *Lane v. Atlantic Works*, 111 Mass. 136, 140; *Hanlon v. South Boston Horse Railroad*, 129 Mass. 310, 311; *Nugent v. Boston Consolidated Gas Co.*, 238 Mass. 221, 233; *Gordon v. Bodard*, 265 Mass. 408 411; *Guinan v. Famous Players-Lasky Corp.*, 267 Mass. 501, 516 but the evidence of such violation is not actionable negligence unless it is shown that it was a proximate cause contributing to the injury, *Newcomb v. Boston Protective Department*, 146 Mass. 596, 600; *Falk v. Finkelman*, 268 Mass. 524, 527; *Milbury v. Turner Center System*, 274 Mass. 358, 361, and c.c. and it may be only a circumstance and not a cause and the question is usually one of fact. *Levoillee v. Wright*, 300 Mass. 382, 387, 389, and c.c.; *Kralik v. LeClair*, 315 Mass. 323, 326, 327.

In view of the judges finding on the evidence reported that the plaintiff was without contributory negligence and that the parking of his car was "an incident and circumstance but not a cause of the

collision" his failure to allow the disputed request was rendered immaterial. *Report Dismissed.*