*Northern District*

No. 5260

**H. BRADFORD GREEN, JR.**

v.

**COLONIAL PROVISION CO., INC.**

**AND**

**JOSEPH SATTER**

(May 26, 1959)

*Present:* Gadsby, P. J., Northrup and Kelleher, JJ.

Case tried to *Brooks, J.,* in the First District Court of Eastern Middlesex. No. 1633 of 1956.

*Gadsby, P. J.*  This is an action of tort to recover for property damage to plaintiff's motor vehicle which allegedly occurred as a result of the negligent operation of the defendant's motor vehicle.

Prior to the trial of the case it was agreed between counsel on the following facts:

1. That the plaintiff was the owner and operator of his car.

2. That the defendant, Joe Satter was working and employed by the defendant Colonial Provision Co., Inc., and the motor vehicle was being operated within his scope of his employment and as Agent of the defendant, Colonial Provision Co., Inc.

3. The accident happened on January 9, 1958 at about 3:30 p.m., on Trowbridge Street, a public way in the City of Cambridge.

The plaintiff testified that he was the owner of a 1957 Pontiac Sedan and that on the date in question he came to visit his mother-in-law who lived on Trowbridge Street, Cambridge; that Trowbridge Street is a one way street. He parked his car on the left side of Trowbridge Street, opposite the house where his mother-in-law lived and went in to visit his mother-in-law. While he was there he heard a loud crash and he went to the window and saw the defendant's motor vehicle up against his and that his motor vehicle had been pushed a couple of feet.

He further testified that there were no signs posted on the street restricting parking in any way.

The defendant, Joe Satter, testified that he was operating his truck on Trowbridge Street,

which was a one way street; that there were
snow banks on both sides of the street so that
the road way was narrowed down, the road
was icy and rutted. Cars were parked along
the right side of the street and he saw the
plaintiff's car parked on the left side of the
street. That the plaintiff's car was parked in
such a manner that the rear end of the car
extended out in the road way a little further
than the front end. That as he approached
the area in which the plaintiff's car was
parked, and before attempting to drive his
truck between the plaintiff's car and cars
parked on the right side of the road he came
to a stop about 2 feet away from said area.
Then he proceeded to move between the cars
and went almost through the said area, the
rear wheels of his truck side-slipped on the
icy road to the left, and the left rear of his
truck came in contact with the right rear of
the plaintiff's car. The defendant also testi-
fied that there was a "No Parking" sign
tacked up on a tree on the side on which the
plaintiff's car was parked.

The plaintiff seasonably filed the follow-
ing requests for rulings:

1. There is sufficient evidence to warrant a finding for the
plaintiff.

2. The fact that the plaintiff's automobile was illegally
parked in violation of an ordinance or a statute, does
not make him contributorily negligent, but is merely a
condition and not a cause of an accident. *Newcomb v.
Boston Protective Dept.*, 146 Mass. 596.

3, The defendant or its agents use poor judgment in the
operation of its motor vehicle and collider' with the

plaintiff's automobile which was allegedly parked in violation of an ordinance or a statute, said parking being merely a condition and not a cause, and there should be a finding for the plaintiff.

## The Court made the following rulings and findings:

1. Plaintiff's requests for rulings allowed as to No. 1 but the court does not so find disallowed as to Nos. 2 and 3 in view of finding.

2. The court made the following finding:

Plaintiff's car was parked on the left side of a one-way street where parking was prohibited. Opposite to his car, on the right hand side of the street, was another parked car, legally parked. Between these two cars, defendant attempted to drive his car. Before doing so, he stopped two feet away to size up the situation. Concluding that there was sufficient room, he went ahead, and in doing so, hit plaintiff's car. According to defendant's testimony, his rear wheels sideslipped on the icy road, causing the impact. I am inclined to think that he used poor judgment. Apparently, the combination of icy road and a narrow passageway, caused the accident. The illegal position of plaintiff's car which narrowed the passageway, was clearly a cause of the accident, and not merely a condition. Findings must be for defendant.

There is no doubt that the Court's decision was motivated to a considerable extent by his finding that the plaintiff's car was illegally parked. The plaintiff had testified that there were no signs posted restricting parking in any way. The defendant testified that there was a "No Parking" sign tacked up on a tree on the side on which the plaintiff's car was parked. Of course, it is the province of the trial judge to pass on the credibility of witnesses, but we are unable to determine whether

there was any evidence sufficient to warrant his conclusion that the plaintiff was illegally parked. All we have is the fact that the defendant said that there was a "No Parking" sign tacked up on a tree. There was no evidence of any ordinance or anything to show that the sign had any authority for its existence. Proper "No Parking" signs are not usually tacked up on a tree.

The finding for the defendant should be reversed and the case is remanded for a new trial in order that there be clarification of the situation in regard to the legality of the said "No Parking" sign.

Geo. B. Rubin, of Boston, for the Plaintiff.
Leo Leavitt, of Boston, for the Defendant.